WILLIAM D. BISHOP, EXECUTOR, *vs.* GEORGIANA BISHOP
AND OTHERS.

Fairfield Co., March T., 1888.  PARK, C. J., CARPENTER, PARDEE,
LOOMIS and BEARDSLEY, Js.

A testatrix appointed her two sons executors, and provided that in case of
the death or resignation of either, the surviving executor and the
judge of probate of the district of *B* should appoint a person to fill the
vacancy, and that all subsequent vacancies should be filled in the same
manner.  One of the sons declined the trust.  Held that the vacancy
could be filled in the same manner that it would have been if he had
accepted the trust and then resigned.

A testator can exercise his power of appointing his executor through an
agent after his death.

And it makes no difference whether the agent is pointed out by name
or by his office or other method of certain identification.

And it seems, in the foregoing case, that the power of appointment was
not given to the judge of probate in his official capacity, but to the
person holding the office of judge of probate.

[Argued April 11th—decided May 25th, 1888.]

SUIT for the construction of a will; brought to the Supe-
rior Court in Fairfield County, and reserved upon facts
found for the advice of this court.  The case is fully stated
in the opinion.

*W. D. Bishop, Jr.,* presented the case in behalf of all the
parties interested.

PARDEE, J.  On January 25th, 1868, Mary Bishop exe-
cuted her will, disposing of a large estate, and appointing
her two sons, Ethan F. and William D. Bishop, executors.
She died September 14th, 1880.  On the 25th day of that
month Ethan F., by written notice to the probate court,
declined to accept the executorship.  On the 27th day of
the same month the will was admitted to probate and letters
testamentary issued to William D. Bishop, the plaintiff, as
sole executor, who duly qualified and entered upon the dis-

charge of his duties. E. F. Bishop died on December 8th, 1883. The plaintiff having until the present time been sole executor, now desires the appointment of a co-executor. The will contains the following provision :—" I do hereby constitute and appoint my two sons, Ethan F. Bishop and William ,D. Bishop, executors of this my last will and testament; and in the event of the death or resignation of either of my said executors, I do hereby direct that his successor in said trust shall be appointed jointly by the judge of probate of the district of Bridgeport and by the surviving executor, and that all subsequent vacancies in said executorship shall be filled in like manner."

The plaintiff asks the Superior Court if, upon the foregoing facts and the cited provision from the will, the judge of probate and himself can now appoint a co-executor. That court has reserved the question for our advice.

As a matter of certainty the testatrix made it possible that there might be two executors of her will; as a matter of probability, amounting almost to certainty, she both expected and desired that two should continue to execute it. For she confers upon two persons jointly authority to speak for her in the unlimited future in the matter of filling a vacancy.

All this justifies us in including within her intention the vacancy caused by the declination of either of her appointees to qualify and discharge the duties, as well as that caused by resignation after qualification. Presumably, her mind was upon the matter of substance, namely, the continued succession of two, rather than upon an unimportant question, namely, what caused a vacancy? And as the two causes, death and resignation, produce the vast majority of vacancies, it may safely be assumed that in using them she intended to cover every vacancy in the execution of her will.

Moreover, by her appointment the testatrix conferred upon Ethan F. Bishop the right to the office of executor if he should choose to accept, qualify and discharge the duties. Acceptance, qualification and discharge of duties depended upon himself solely; no one could prevent him. To decline

to accept, qualify and discharge the duties is, as a matter of substance, no less a resignation than if he had accepted and qualified and had then notified the judge of probate that he had resigned and would not discharge the duties. In either case it is precisely the same right which he lays down, namely, the right to exercise the office.

The executor is the creation solely of the testator. And it is within the power of the latter, not only to appoint personally, but he may project his power of appointment into the future, and exercise it after death through an agent selected by him. And the agent may be pointed out by name, or by his office or other method of certain identification. *Hartnett* v. *Wandell*, 60 N. York, 346 ; *State* v. *Rogers*, 1 Houst. (Del.), 569 ; *Jackson* v. *Paulet*, 2 Robert., 344; *In Goods of Cringan*, 1 Hagg., 548 ; *In Goods of Deichman*, 3 Curteis, 123. Therefore the Superior Court is advised that since the death of this testatrix she can lawfully continue to fill vacancies in the executorship of her will by the joint appointment of her duly authorized representatives, the plaintiff and the person who for the time being holds the office of judge of probate for the district of Bridgeport.

In this opinion the other judges concurred.