MICHAEL KINNEY, Exr.

*v.*

HARDIN G. KEPLINGER, Admr.

*Opinion filed April 21, 1898.*

1. WILLS—*testator may name successor to his executor.* A testator may appoint one person as executor and name another to act as executor in the event of the former's death, and to discharge such duties as were left unperformed; and upon appointment by the court such successor possesses the powers of an executor, and not merely those of an administrator *de bonis non*.

2. SAME—*will construed as intending appointment of successor to executrix.* A clause in a will whereby the testator appoints his wife executrix and names another person to act as executor in case of the wife's death or disability, with power to "make distribution, according to the provisions of the will," as soon as possible after the wife's death, will be construed as intending such person to succeed the wife as executor at her death, particularly where the distribution could not take place until the life estate terminated.

3. EXECUTORS AND ADMINISTRATORS—*succeeding executor entitled to testator's assets.* A person named by a testator as successor to his executrix is properly commissioned by the court as executor upon the death of his predecessor, if the testator's estate has not been fully administered, and he is entitled to possession of the assets, including those in the hands of the executrix at her death.

4. SAME—*administrator of deceased executrix not entitled to administer her testator's estate.* The administrator of a deceased executrix is not entitled to possession of the unadministered assets of her testator's estate, but the same must be administered by the party nominated by the will and commissioned by the court to succeed such executrix upon her death.

*Kinney* v. *Keplinger,* 71 Ill. App. 334, reversed.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Morgan county; the Hon. CYRUS EPLER, Judge, presiding.

OWEN P. THOMPSON, and MORRISON & WORTHINGTON, for appellant.

EDWARD P. KIRBY, for appellee.

Mr. JUSTICE BOGGS delivered the opinion of the court:

This was a petition filed in the county court of Morgan county by the appellant, as executor of the last will and testament of William C. Clark, deceased, in which it was represented to the court that one Hardin G. Keplinger had in his possession and under his control certain goods, chattels, moneys, books of account, mortgages and other evidences of indebtedness which were the property of the estate of the said William C. Clark. The petition further alleged that one Sarah Clark, lately deceased, was the predecessor of the petitioner as executrix of the said will of the said William C. Clark, deceased, and that as such executrix she had in her possession the said goods, chattels, moneys, notes, effects, etc., sought to be recovered; that said H. G. Keplinger was appointed administrator of the estate of the said Sarah Clark, and thus came into possession of the said goods, chattels, notes, effects, etc., and refused to deliver the same into the possession of the petitioner, and that it was necessary petitioner should have possession and control thereof in order that the said estate of the said William C. Clark should be fully administered upon, certain legacies provided by the will paid, and the remainder distributed in accordance with the desire of the said testator, as expressed in said will.

Said Keplinger filed an answer to the petition, which presented, as grounds of defense, (1) that said Keplinger had no notes, accounts, moneys, effects, etc., in his hands which belonged to the estate of the said William C. Clark, but that the notes, mortgages, moneys, etc., referred to in the petition were the property of the said deceased, Sarah Clark, his intestate; and (2) that the said Michael Kinney was in fact administrator *de bonis non* of the estate of said William C. Clark with the will annexed, and that he had no legal right or authority to call upon the defendant in the petition for an accounting as to any goods, chattels, moneys, mortgages, effects, etc., which came into the hands of the said Sarah Clark as executrix of the

estate of the said William C. Clark and were by her administered upon, converted or wasted during her lifetime, and that as to such matters the estate of the said Sarah Clark was answerable only to the heirs, legatees or distributees of the said William C. Clark, deceased.

The issues raised by the petition and the answer were submitted to the court upon oral and documentary testimony, and the court adjudged that the prayer of the petition be denied, and the petition was dismissed. This judgment of the probate court was affirmed in the circuit court on appeal, and in the Appellate Court for the Third District on a further appeal from the judgment of the circuit court. This is an appeal to reverse the judgment of the Appellate Court.

It appeared from the evidence said William C. Clark left a last will and testament, as follows:

"I, William C. Clark, of the county of Morgan and State of Illinois, being of the age of sixty-three years and being of sound mind and memory, do make, publish and declare this my last will and testament, hereby revoking all former wills by me made, in the manner following, that is to say: that after the payment of all my just debts and funeral expenses I give and bequeath to my beloved wife, Sarah Clark, all of my real estate, personal property, moneys, goods, chattels and effects of any and every nature whatever, to her sole use and benefit her lifetime; that after the death of my beloved wife, Sarah Clark, that whatever remains of my property I will that it be divided as hereinafter mentioned.

"I will and bequeath to Mrs. Lydia Thomas, wife of J. W. Thomas, my wife's sister, $1000, and to have no more of my property.

"I will and bequeath to Mrs. Ada Jasper, wife of William Jasper, $1000.

"I will and bequeath to my sister Mrs. Ruth Potts $1000, to have and use her lifetime, and at her death to go to Elizabeth A. Shawen.

"I will and bequeath to Elizabeth A. Shawen $1000, wife of Carroll Shawen.

"I will and bequeath to Kitty W. Shawen, Rovenia M. Shawen, Ruth M. Shawen, John E. Shawen, William L. Shawen, $1000, each children of Elizabeth and Carroll Shawen.

"I will and bequeath Geneva A. Belle, the cripple, $1000, and also to her sister, Emma E. Belle, $500, children of John and Ruth A. Belle, daughters of Hanna Nation, and they are not to have any more of my estate whatever.

"I will and bequeath to John Clark, Laura Clark and Ida Clark, children of Stephen Clark, $100 each.

"I will and bequeath to William Clark, son of Stephen S. Clark, William Groves Clark, son of Abner Clark, Martin Clark and William J. Clark, $100 each, and they are not to have anything more out of my estate whatever.

"I will and bequeath to John H. Nation $100, son of my sister Hanna, and to get nothing more out of my estate.

"I will and bequeath to Hanna M. Baker, Sarah M. Louthen, Rosetta M. Adams, Samuel J. Myers, Emma C. Oswalt, children of my sister formerly Mrs. Ruth Myers, $100 each.

"I will and bequeath to Margaret E. Dunlap, Mary I. Dunlap, children of Mary E. Dunlap, grandchildren of my sister formerly Mrs. Ruth Myers, $100 each.

"I will that the residue of my estate, if there be any left, that it be divided according to the statute of the State of Illinois amongst all my heirs except those above named that I have excluded.

"I hereby appoint my wife, Sarah Clark, executrix of my last will and testament, and that she shall not be required to give bond, and in case of her death or inability to act I hereby appoint Michael Kinney executrix of my last will and testament, and if he is unable to act that he may appoint some suitable person in his place; and said executrix may dispose of my real and personal prop-

erty to the best advantage, as he sees fit, and make distribution according to the provisions of the will and testament after the death of my wife, Sarah Clark, as soon as possible."

He died July 13, 1882. Letters testamentary were issued to Sarah Clark, his widow, on the 22d day of July, 1882, and as executrix she came into possession of a valuable farm and notes and chattels to the amount of $28,854.40, the property of the said deceased during his lifetime. She survived until the 13th day of April, 1896, and upon her death the county court of Morgan county appointed the said appellant, Kinney, executor of said last will and testament of said William C. Clark, deceased, and appointed appellee, Keplinger, administrator of her estate.

While she was acting as executrix of the estate of her husband, the said Sarah Clark paid all claims and demands against the estate, enjoyed the rents and profits of the land, collected the interest and principal of the debts due to the deceased, re-loaned the money so collected, taking such security as seemed to her to be safe and satisfactory, appropriating to her own use and benefit such portion of the personal assets in her hands as executrix as to her seemed proper, such being, as she claimed, her right under the provisions of the will. On the 7th day of June, 1892, she filed in the said probate court a report of her acts and doings from the date of the death of her said husband, in which report she stated she desired it to be accepted in the place and stead of all other reports by her formerly made. In this report it was stated that said executrix had in her hands a balance of the personal estate of the said William C. Clark amounting in the aggregate to the sum of $24,252.17, and that said balance consisted of certain notes, an itemized list thereof, showing the names of the makers of the notes and the amounts thereof, being incorporated in the report. The evidence tended to show that the said Sarah

Clark, at the time of her death, had in her possession a number of the same notes described in the list appearing in the said report, and that she had a sum of money on deposit in a bank to her credit as executrix, and that such notes and money came into the possession of the said appellee, Keplinger, and were in his possession at the time of the filing of the petition, as administrator of her estate; but the court held that the appellant, Kinney, was to be regarded as an administrator *de bonis non* of the estate of the said William C. Clark, and that his powers extended only to the recovery of goods, chattels and effects of the deceased which remained unadministered *in specie*, and to debts due to the said William C. Clark during his lifetime and unpaid, and that he had no power to call upon the administrator of the executrix of the estate of said William C. Clark to account for any part of the estate except such as was held *in specie* and kind by the deceased testator. Under such ruling the petition was dismissed. The briefs of counsel are directed almost exclusively to the discussion of the correctness of this ruling, and no other question need have our attention.

The county court, upon the death of the said Sarah Clark, executrix, construed the will of the said William C. Clark to direct the appointment of the appellant, Kinney, as executor of the said will, and we think such the correct construction of that instrument. The clause in the will which we think should be deemed an appointment of the said Kinney as executor was inartistically drawn, but when the purpose and plan of the testator, as disclosed by an examination of the will in all of its parts, are considered in connection with the language of the clause, it seems to us beyond controversy that it was the intention of the testator that the appellant should administer the will as his executor after the death of his wife, Sarah. The plan of the will is plain and simple. It is, that the debts of the testator should be paid; that his wife, Sarah, should enjoy the use of his real and personal

property during her natural life, and that after her death such of his property as remained should be applied to the payment of the different legacies specified in the will, and if, after such legacies should be paid, there should be a surplus remaining, it should be distributed under the rules of the Statute of Descent, except that certain legal heirs designated in the will should be excluded from distribution. It was undoubtedly the desire of the testator that his widow, Sarah, should act as his executrix, but it is equally clear he did not expect that all of the duties which he required his executor should perform would or could be performed by his wife, Sarah, for the reason that he imposed duties upon his executor which were not to be performed until after the death of the said Sarah. Keeping this in view, we may, without difficulty, arrive at a satisfactory conclusion as to the proper construction of that portion of the will relating to the desire of the testator as to whom the administration of the will should be committed, and we find the language employed in the will is consistent with the view that the testator desired that his wife, Sarah, if alive at the time of his death, should act as his executrix so long as she should live and be able to so act, and upon the death of said Sarah the appellant, Kinney, should succeed his wife as executor, and should, to quote the words of the will, "dispose of my real and personal property to the best advantage, as he sees fit, and make distribution according to the provisions of the will and testament," and, to transpose the remaining words of the sentence of the will, "as soon as possible after the death of my wife, Sarah Clark," and is inconsistent with the view the said Kinney should act as his executor only in the event his wife should not be alive at the time of his death. The plan and purpose of the testator demanded that some one should act as executor after the death of the said Sarah, and any other construction of the will would defeat his intention, and do violence, as we think, to the meaning of the words

employed to carry the plan into execution. He selected appellant, Kinney, to succeed his wife and complete the settlement of his affairs.

It was entirely competent for the said testator to empower his wife, Sarah, to act as his executrix during her lifetime, and to select and name the appellant as the person to be appointed executor to discharge duties which, under the will, could not be performed during the lifetime of the executrix. Speaking upon this subject, it is said in Williams on Executors, (vol. 1, pp. 288, 289, 9th ed.): "The appointment of an executor may be either absolute or qualified. It may be absolute when he is constituted certainly, immediately and without any restriction in regard to the testator's effects, or limited in point of time. It may be qualified by limitations as to the time or place wherein or the subject matter whereon the office is to be exercised; or the creation of the office may be conditional. It may be qualified by limitations in point of time, inasmuch as the time may be limited when the person appointed shall begin or when he shall cease to be executor. Thus, if one appoint a man to be his executor at a certain time, as at the expiration of five years after his death, or at an uncertain time, as upon the death or marriage of his son, this is a good appointment. Where the deceased appointed two executors, and in case of the death of either of them appointed two others to be executors in their stead, on the death of the original executor, who had alone proved the will, the substituted executors were admitted to the office. So if a man appoints his son to be executor when he shall come of full age, such qualified appointment is good, and in the meantime he has no executor. Again, the testator may appoint the executor of A to be his executor, and then if he die before A he has no executor until A die. So a man may make A and B his executors, and appoint that A shall not intermeddle during the life of B, and by this they shall be executors successively, and not jointly.

Likewise the testator may appoint a person to be his executor for a particular time or period only, as during five years next after his decease, or during the minority of his son or the widowhood of his wife, or until the death or marriage of his son. In these cases, if the testator does not appoint a person to act before the period limited for the commencement of the office on the one hand, or after the period limited for its expiration on the other, the court of probate may commit administration to another person until there be an executor, or after the executorship is ended." And in Lomax on Executors (vol. 1, p. 172,) it is remarked: "Where a testator appoints an executor, and provides that in case of his death another should be substituted, then on the death of the original executor, although he has proved the will, the executor so substituted may be admitted to the office, if it appear to have been the testator's intention that the substitution should take place on the death of the original executor, whether happening in the testator's lifetime or afterwards."

Upon the same point Mr. Redfield, in his work on the Law of Wills, (vol. 3, p. 72,) says: "We have already suggested that different executors may have separate and distinct functions. Thus, one set of executors may be named and others to succeed them in the event of their being incapacitated or unwilling, for any reason, longer to continue the service.   *   *   *   But two persons may be appointed executors, with a provision that one shall not act during the life of the other; or one may be appointed for a definite period, or during the minority of the testator's son or the widowhood of his wife, or until the death or marriage of his son. If there is an interval between the termination of one executorship and the beginning of another, administration with the will annexed must be given by the probate court."

In *Hartnett* v. *Wandell,* 60 N. Y. 346, the court had occasion to consider this question and expressed its con-

clusions in the following language: "Executors may be appointed with separate functions, or to succeed each other in the event that those first named shall die, become incapacitated or unwilling longer to serve, or two persons may be appointed to act for a definite period or during the minority, or during the absence from the country of one appointed executor. (3 Redfield on Wills, 53; *Anon.* Dyer, 4 *a; Carte* v. *Carte,* 3 Atk. 174; *Pemberton* v. *Coony,* Cr. Eliz. 164; *In the goods of Wilmot,* 2 Robert, 579; *In re goods of Langford,* L. R. (1. P. & D.) 458; *Brightman* v. *Keighley,* Cr. Eliz. 43.) Different executors may be appointed for different States and countries. (*Despard* v. *Churchill,* 53 N. Y. 192.) These, and numerous other cases that might be cited, are only referred to as showing the great liberality which the courts have exercised in committing the execution of wills to those indicated, in any manner, by the will and in accordance with the intent of the testator, and so as not to disappoint his wishes, regardless of technicalities."

It was said in *In the goods of Leighton,* 1 Hagg. 235, and *In the goods of Johnson,* 1 Sw. & Tr. 17: "But where a testator appoints an executor, and provides that in case of his death another should be substituted, on the death of the instituted executor, although he has proved the will, the substituted executor may be admitted to the office, if it appear to have been the testator's intention that the substitution should take place on the death of the original executor, whether happening in the testator's lifetime or afterwards." And the right of a testator to appoint executors, the one to succeed the other, is also affirmed in *Roanoke Navigation Co.* v. *Green,* 3 Dev. L. 434.

It seems perfectly clear, therefore, upon authority, and we think equally clear in point of reason and principle, that the county court of Morgan county lawfully commissioned the appellant, Kinney, executor of the last will and testament of the said testator, and in view of the fact that an estate is not fully administered as long as

anything is to be done to vest the decedent's estate in the beneficiaries, whether legatees or devisees, (Woerner's Am. Law of Administration, p. 394,) we think the court but performed its duty in so appointing the appellant.

The power possessed by the said appellant to possess himself of the assets of the estate of his testator is not to be measured by the rules of the common law with relation to the power of an administrator *de bonis non*, nor are the various decisions of this court, beginning with the case of *Rowan* v. *Kirkpatrick*, 14 Ill. 1, and those resting upon it relative to the power of such an administrator, to be resorted to in order to determine the authority which appellant, as executor, may lawfully exercise over property belonging to the estate of his testator which had come to the possession of the former executor. The duties and powers of an administrator *de bonis non*, prior to the amendment of section 37, chapter 3, of the Revised Statutes, entitled "Administration," by the act of 1887, were restricted by the provisions of said section 37 to the administration of the estate of a deceased not already administered. The rule therefore was, as announced in the case hereinbefore last cited, that an administrator *de bonis non* had no authority whatever over the assets in the hands of a prior administrator, except such as *in specie* and kind were possessed by the intestate. The effect of the amendment of said section by the act of 1887 need not be considered.

The right which, as we have seen, every testator may exercise of appointing an executor as successor to another executor would be but a barren right if such succeeding executor had no authority beyond that possessed by an administrator *de bonis non* under our statute prior to the amendment before referred to, and this the case at bar fairly illustrates. The only purpose which could have moved the testator in the case at bar to designate any one to succeed his wife in the office of executor was, that such successor should take the property and effects

of his estate remaining in the hands of his wife as executrix and life tenant, and, as his executor, devote it to the accomplishment of the purposes to which he designated and indicated in his will that it should be devoted. There is no rule of law making it necessary the court should disappoint the wishes of the testator. On the contrary, we think the grant of letters executory to the appellant, and the powers conferred upon him thereby, and the provisions of the will, entitle him to the possession of the assets of the estate of his testator, including those in the hands of the prior executor at the date of her death.

It has always been the rule that the administrator of a deceased executor does not succeed to the estate of the deceased executor's testator. (Woerner's Am. Law of Administration, p. 394.) And the common law rule announced in 2 Blackstone's Com. 506, that a sole executor may transmit to his executor the administration of the estate of his testator, has no application in a case where the original testator designated in his will (as did the testator in this case) a person to succeed as executor in case of the death of the person named to execute the will. (*Roanoke Navigation Co.* v. *Green, supra.*) No reason is perceived why the appellant may not invoke the aid of any and every remedy provided by law to enable him to possess himself of any goods, chattels, moneys, effects, etc., to which he is entitled by virtue of his authority as executor.

We are not impressed with the force of the argument that the administrator of the former executor in the case at bar may retain possession of and administer upon that which was in the hands of his intestate as executrix, and that the legatees of appellant's testator should present demands for the payment of their respective legacies as claims against the estate of the said prior executrix. We think the assets belonging to the estate of the appellant's testator should be in the hands of the appellant as executor, and he should, as his testator desired, pay

such legacies and distribute the remainder according to the provisions of the will. If it can be determined, as is apparent to us it may be, that the administrator of said Sarah Clark has in his possession or control any notes, moneys or other evidences of indebtedness, securities or articles of property which his intestate, at the time of her death, held in her capacity of executrix of her husband's estate, such possession should be surrendered to this appellant, as successor to Sarah Clark, as executrix of the said will and testament of said William C. Clark.

The petition filed by the appellant herein called upon the court to proceed in accordance with the provisions of sections 81 and 82 of chapter 3, of the Revised Statutes, entitled "Administration," and such sections vest in the court ample power to enter and enforce an order that the appellee administrator surrender any goods, chattels, moneys, effects, etc., in his hands belonging to the estate of the said William C. Clark to the appellant, as executor of the said estate, if it should appear said appellee had such goods, chattels, effects, etc., in his possession, in his capacity as such administrator or otherwise. Though the literal reading of the said section 81 is that the court may inquire as to the property or effects "belonging to any deceased person," yet the proper construction of the language is that the court may investigate as to the possession of any property belonging to the estate of any deceased person. (*Blair* v. *Sennott*, 134 Ill. 78.) In the case last cited the provisions of said section 81 were held available to secure to an administrator the delivery of a sum of money which the appellant in the case had received after the death of the intestate, but which of right constituted a part of the assets of the estate.

There is no force in the suggestion the said Sarah Clark or her estate should be regarded as a debtor of the estate of said William C. Clark, or as a debtor of those entitled to legacies under the will of said William C.

Clark. Her position is more nearly that of a trustee, and the appellant, as her successor in the said trust, is entitled to the possession of that which she held as the assets or fund of the trust. We think that the county court should have determined from the evidence whether the appellee had in his possession any moneys, notes, securities, goods, chattels or effects which were of the assets of the estate of which the appellant is executor, and should have entered an order directing the appellee to deliver such assets, if any were found to be in his possession, to the appellant.

It follows the judgment of the Appellate Court, that of the circuit court and that of the county court must be and are reversed. The cause is remanded to the said county court for further proceedings in conformity with the views herein expressed.

*Reversed and remanded.*