WILSON *v*. CURTIS ET AL.

[No. 18,534.   Filed November 23, 1898.]

EXECUTORS.—*Appointment.*—*Wills.*—A testator may, in his will, delegate the authority to his legatees, or a majority thereof, to name an executor, and the appointment made by them will be the same as if made in the will.

From the Howard Circuit Court.   *Affirmed.*

*Conrad Wolf, J. C. Blacklidge* and *C. C. Shirley,* for appellant.

*Milton Bell* and *William C. Purdum,* for appellees.

MONKS, J.—Nancy Wilson died testate in Howard county, Indiana, in 1897.   Her will, which was duly admitted to probate in said county, provided that her executors should buy a "tombstone," and, if necessary for the payment for the same, and her debts and funeral expenses, that he sell at private sale or otherwise, or in such manner upon such terms of credit as he may think proper, all or any part of her real estate, and to execute and deliver a deed therefor in fee simple.   After the payment of the debts her real estate was devised to her children, and it was provided that the children, or a majority of them, should appoint the executor.

All of the children referred to in the will, except appellant, met and signed a writing by which appellee, Abner R. Barber, was appointed executor of said will.   Said appointment was filed in the court below, and Abner R. Barber made his written application to be appointed such executor.

Appellant, the oldest son of the testatrix, filed an application to be appointed administrator with the will annexed of said estate, and at the same time objected to the appointment of appellee Barber as executor, on the ground that he was not named as

executor in the will. The court overruled the objection to the appointment of said Barber, and he gave bond and was by the court duly appointed executor of said will, to all of which appellant objected and excepted.

It has been decided that a testator may in his will delegate the authority to name an executor to some third person or persons, and the appointment made by them will be the same as if made in the will. Williams on Executors, pp. †195-†202; Woerner's Law of Administration, section 239; Schouler's Exs. and Admrs., section 41; Croswell's Exs. & Admrs., p. 52; 1 Thornton and Blacklege on Administration & Settlement of Estates, 13, and cases cited; 1 Am. & Eng. Ency. of Law, 180, and notes; *Hartnett* v. *Wandell*, 60 N. Y. 346, 19 Am. Rep. 194; *State* v. *Rogers*, 1 Houst. (Del.) 569; *Mulford* v. *Mulford*, 42 N. J. Eq. 68, 76; *Bishop* v. *Bishop*, 56 Conn. 208, 14 Atl. 808; *Kinney* v. *Keplinger*, 172 Ill. 449.

In *Bishop* v. *Bishop, supra,* the court said, "The executor is the creation solely of the testator. And it is within the power of the latter, not only to appoint personally, but he may project his power of appointment into the future, and exercise it after death through an agent selected by him. And the agent may be pointed out by name, or by his office or other method of certain identification."

It is insisted by appellant that whatever the rule may be elsewhere, under our statutes no person can be appointed executor unless he is named in the will. Section 2375, Burns' R. S. 1894 (2222, Horner's R. S. 1897), provides that "Whenever any will shall be duly admitted to probate, the clerk of the circuit court in which the same shall have been probated shall issue letters testamentary thereon to the person or persons therein named as executors who are

Wilson *v.* Curtis *et al.*

competent by law to serve as such, and who shall appear and qualify." Section 2376, Burns' R. S. 1894 (2223, Horner's R. S. 1897), provides that "Every person named in the will as executor, who shall qualify and give bond, shall be named in such letters; and every person not thus named shall be deemed superseded." Section 2379, Burns' R. S. 1894 (2226, Horner's R. S. 1897), provides that "if there be no person named in the will as executor, or if those named therein have failed to qualify, have renounced, or have been removed, letters of administration with the will annexed shall be granted by the proper clerk or court to any competent residuary legatee named in such will," etc.

These sections were enacted in 1881, and are substantially the same as statutes on the same subject in force in New York in 1775, when the case of *Hartnett* v. *Wandell, supra,* was decided. In that case it was held that the delegation of power to appoint an executor was valid at common law, and that it was valid in that state under laws substantially the same as those in force here. It was also held in *Baker* v. *Baker,* 18 App. Div. 189, 45 N. Y. Supp. 870, citing 1 Williams on Executors, 239; *Ex parte McDonnell,* 2 Bradf. 32; *Matter of Blancan,* 4 Redf. 151, that a direction in a will that the public administrator shall "sell out all real estate" is an appointment of the person holding that position, as executor of the will, and letters testamentary were issued accordingly.

We think that the trial court properly held that Abner R. Barber was under the facts of the case named as executor in the will of said testator within the meaning of the statute above cited, and that no error was committed therefore in appointing him executor. Judgment affirmed.