BROWN v. JUST.

1. WILLS—APPOINTMENT OF EXECUTOR—DELEGATION OF POWER.
   The common-law right of a testator to delegate the power to choose his executor has not been abrogated by statute in this State.

2. SAME—CONSTRUCTION.
   A clause in a will, "I make no selection of an executor of this will, but leave it for the judge of probate who may be acting when this will becomes operative to make an appointment of some suitable person for that purpose," confers upon the judge of probate the power of such appointment.

3. SAME—NOMINATION BY NEXT OF KIN.
   3 How. Stat. § 5849, providing that administration of the estate of a person dying intestate shall be granted to the widow or next of kin, or both, or such person as they may request to have appointed, if suitable and competent to discharge the trust, does not apply where the deceased left a will authorizing the judge of probate to appoint some suitable person as executor.

4. SAME—PROPERTY RIGHTS—WHEN DETERMINED.
   Upon an issue as to whether a testator made a valid delegation to the probate judge of the power to appoint an executor of the will, the alleged want of interest of the persons who support the right of the executor appointed by the probate court as against the nominee of the next of kin cannot be considered; the determination of property rights pertaining, not to the probate of the will, but to the distribution under it.

5. SAME—EXECUTORS—DEFENSE OF AUTHORITY.
   An executor, whether named in the will or by delegated power, has the right to defend in the courts his authority to act.

*Certiorari* to Ionia; Davis, J.   Submitted November 23, 1898.   Decided December 6, 1898.

Leonard H. Merrifield, a legatee under the will of Curtis Merrifield, deceased, petitioned for the probate of said will, and the appointment of William J. Just as

administrator with the will annexed.  The probate court appointed Charles Brown as executor, and an appeal was taken to the circuit court, where the order of the probate court was reversed and the prayer of the petition granted. Charles Brown brings *certiorari*.  Reversed, and order of the probate court affirmed.

Curtis Merrifield died testate.  By his will, he gave to his wife absolutely certain described personal property, and one-half of all his other personal property, the use of the other half for life, and at her death one-half thereof to his nephew, one-fourth to his niece, and the other fourth to one Elizabeth Bradley.  He had real estate, of which no mention is made in the will.  His wife died on the 9th, and he on the 13th, of January, 1898.  He had no children, and the nephew and niece were his sole heirs.  On January 24th, the nephew filed a petition for the probate of the will, and the appointment of William J. Just, or some other suitable person, as administrator with the will annexed.  The will contained the following clause:

"I make no selection of an executor of this will, but leave it for the judge of probate who may be acting when this will becomes operative to make an appointment of some suitable person for that purpose.

Upon the hearing, the probate court appointed the plaintiff.  Defendant took an appeal to the circuit court, which reversed the order of the probate court, and appointed defendant.  From this order, the plaintiff has brought the case to this court by the writ of *certiorari*. Testimony was offered and received to show that the deceased, shortly before his death, expressed a desire that Mr. Brown should settle his estate.

*V. H. & H. H. Smith* (*Allen B. Morse*, of counsel), for plaintiff in *certiorari*.

*A. A. Ellis*, for defendant in *certiorari*.

Grant, C. J. (*after stating the facts*).  It is con-

ceded that at the common law a testator may delegate to another the power to choose his executor. Two questions are therefore before us for determination: (1) Does the statute take away this power of delegation? (2) Does the language of the will amount to a delegation of the power?

1. It is urged that our statute makes no provision for the appointment of an executor unless actually named in the will. This point was raised in *Hartnett* v. *Wandell*, 60 N. Y. 346 (19 Am. Rep. 194). It was held that the statute of that State did not abrogate the common-law power to delegate the appointment. There is nothing in our statute which shows any intention to abrogate it. There is no difficulty in carrying out the will of the testator in such case, and the probate court contains all the machinery necessary for the purpose. There may be good reasons in the mind of a testator for not making the designation himself. The person appointed by the will might die before the probate of the will, and for this reason he might choose to repose the power in some prudent person, as the judge of the court having authority in such matters. Such right cannot be held to be abrogated except by express enactment or by necessary implication. Neither is found in our statute.

2. We are of the opinion that the will conferred upon the judge of probate the power of appointment. One of the definitions of the word "leave" is "to confide, commit, or refer." Cent. Dict. We find no case involving a provision identical with this. The case, *In re Goods of Cringan*, 1 Hagg. Ecc. 548, contained the following provision: "It is left to the legatees mutually to appoint two intelligent and trustworthy persons to execute this deed." The power to thus appoint was sustained. See, also, *State* v. *Rogers*, 1 Houst. 570.

It is, however, urged that the language of the will was used with reference to the statute, which provides that administration of the estate of a person dying intestate shall be granted to the widow or next of kin, or both, or

such person as they may request to have appointed, if suitable and competent to discharge the trust. 3 How. Stat. § 5849. This statute applies solely to cases where persons die intestate, or have left wills without any provisions for the appointment of executors, and not to cases of delegated authority.

3. Counsel also contends that the real parties attempting to sustain the appointment of Mr. Brown are the heirs of Mrs. Merrifield, and that, she having died first, the personal property bequeathed to her is intestate, and therefore they have no interest in the estate. In support of this, counsel cites *Allison* v. *Smith*, 16 Mich. 405. In that case a college was the residuary legatee. The statute required such wills to be executed at least two months prior to the death of the testator. The question was whether the will was executed in accordance with the statute. It was held that this question properly arose upon the hearing for the probate of the will, and not upon the distribution of the property under it. No such question is here presented. All concede that this will was properly executed, and should be probated. The sole question is, Who is entitled to execute a valid will? The property rights under it will arise for determination during its execution, but cannot be litigated in this proceeding. *In re Nugent's Estate*, 77 Mich. 503.

A further reply to this contention is that Mr. Brown is entitled to defend his right of appointment; and, while the same attorneys who appear for the heirs of Mrs. Merrifield appear also for him, there is nothing to indicate that he is acting in collusion with them, or that he is not in a legitimate manner seeking to defend his own right. An executor, whether named in the will or by delegated power, has the right to defend in the courts his authority to act.

The judgment of the circuit court will be reversed, and the order of the probate court appointing Mr. Brown affirmed. Let it be so certified to the probate court.

The other Justices concurred.