In the Matter of the Estate of JOSEPH COHEN, Deceased.*

Surrogate's Court, Kings County, April 26, 1933.

*Belfer & Belfer*, for the petitioner.

*Murray A. Harris*, for the respondent.

WINGATE, S. This is an application for the removal of an administratrix appointed by this court on May 6, 1932.

The respondent was the widow of the decedent, and is an illiterate woman approximately sixty years of age. In her original petition for grant of administration, which was executed by mark, she requested that the present petitioner, who is a nephew of the

decedent, be joined with her as coadministrator, and this was accomplished. The present petition alleges at some length controversies and disputes which have arisen between the coadministrators and also sets forth various alleged derelictions of duty by the widow. The purpose of the application is to obtain her removal and permit the coadministrator, who was granted letters jointly with her at her request, to administer the estate alone.

The Surrogate's Court Act makes provision for two distinct varieties of proceedings for the removal of an administrator. The one is envisaged in section 104, which enumerates the causes for which the court, on its own motion, may remove such a fiduciary in a summary manner. None of the acts or neglects of the respondent alleged or proved herein come within the purview of this section, as a result of which its provisions are presently inapplicable.

The other enactment is contained in section 99, which, so far as here pertinent, provides: " In either of the following cases, a creditor or person interested in the estate of a decedent * * * or any surety on a bond of a person to whom letters have been granted * * * may present to the surrogate's court having jurisdiction a petition, praying for a decree revoking those letters, * * * and that the respondent may be cited to show cause why a decree should not be made accordingly."

Certain of the bases for the removal of a fiduciary enumerated in the succeeding subdivisions of this section have been alleged and proved here. The difficulty in connection with the application, however, lies in the fact that the petitioner does not come within the statutory description of one of the persons who is entitled to institute such a proceeding. These persons are, *first*, a creditor; *second*, a person interested in the estate of the decedent, and *third*, a surety on the bond of the person whose removal is sought. Confessedly, the petitioner is not a creditor or a surety. He contends, however, that he comes within the description of a " person interested in the estate." The connotation of this phrase, as used in the act, is set forth in subdivision 11 of section 314, which reads as follows: " The expression, ' persons interested,' where it is used in connection with an estate or fund, includes every person entitled, either absolutely or contingently, to share in the estate or the proceeds thereof, or in the fund, as husband, wife, legatee, next of kin, heir, devisee, assignee, grantee or otherwise except as a creditor. Where a provision of this act prescribes that a person interested may object to an appointment or may apply for an inventory, an account, or increased security, an allegation of his interest, duly verified, suffices, although his interest is disputed; unless he has been excluded by a judgment, decree, or other final determination, and no appeal therefrom is pending."

The petitioner is admittedly not entitled to any distributive share in the fund, and consequently fails to bring himself within the category of those envisaged in the enactment.

The result appears regrettable, since the testimony adduced on the hearing indicates that the affairs of the estate would be better administered by the petitioner than by the respondent, and the present strained relations between them seems to make it improbable that they can successfully act in concert. This, however, is a consideration for the Legislature and is not a situation which can be remedied by the court in the face of the existing express statutory provisions.

It follows that no power resides in this court to remove the present respondent until the surety or some creditor or distributee sets the proper machinery in motion, or until some fact is brought to its attention which comes within the provisions of section 104. (*Matter of Mack*, 164 N. Y. Supp. 590, 591, not officially reported.)

The petition must, therefore, be dismissed, without costs.

Proceed accordingly.