In the Matter of the Estate of IRVING I. BLOOMINGDALE, Deceased.

Surrogate's Court, New York County, June 23, 1939.

*Arthur T. O'Leary*, for Geanne Hughes Bloomingdale (Butler), co-executrix and co-trustee.

*Max D. Steuer*, for Donald Bloomingdale and Rosalie B. Bloomingdale, beneficiaries.

*Cadwalader, Wickersham & Taft* [*Daniel E. Woodhull, Jr.*, of counsel], creditors.

*Alexander J. Lindsay* and *Richmond J. Reese* [*Lindsay* and *Reese* of counsel], for Richmond J. Reese, co-executor and trustee.

*Arthur J. Hiers*, for the New Amsterdam Casualty Company, the Globe Indemnity Company and the Continental Casualty Company.

*Thomas E. White*, for the Fidelity & Deposit Company of Maryland.

*Frederick W. McGowan*, for the National Surety Corporation.

*Wendell P. Barker*, for James R. Murphy, Inc., creditor.

FOLEY, S. The motion of Mrs. Geanne H. B. Butler to dismiss the proceeding brought by Richmond J. Reese for the settlement of his third intermediate account and his supplemental account is denied. There is not the slightest foundation in the Surrogate's Court Act or in the practice of this court or in the decisions for the granting of such a motion.

The executor was appointed by a decree of this court made many years ago by Mr. Surrogate O'BRIEN. He has acted as co-executor with the executrix, the moving party here, for a period of over nine

years. It appears to be contended in the papers that he was appointed by misrepresentation or imposition exercised upon Mrs. Butler. His appointment was made under power granted to her to nominate a co-executor by the terms of the will. It is an elementary rule in the law of estates that an executor duly appointed shall exercise his powers until terminated by a decree of removal or revocation of letters testamentary or a temporary order of suspension made pursuant to the provisions of the Surrogate's Court Act. No decree of removal or of revocation of letters and no order of suspension has been made by this court.

A proceeding was initiated by Mrs. Butler several months ago in her capacity as co-executrix to modify the decree granting letters testamentary to Mr. Reese and to vacate the decree granting letters of trusteeship and for the revocation of letters testamentary and letters of trusteeship issued to Mr. Reese. A motion to dismiss that proceeding was made upon the ground that she was without status as a co-executrix to bring the proceeding. The surrogate, in a formal decision, dismissed the proceeding on the ground that an executrix was not a person interested nor entitled to bring the proceeding in her representative capacity. She could only move in her individual capacity as beneficiary under the law. (Surr. Ct. Act, §§ 99, 314.) That decision was rendered on November 19, 1938. (*Matter of Bloomingdale*, N. Y. L. J. Nov. 21, 1938, p. 1732.) An order was made upon that decision and no appeal was taken therefrom. Despite the explicit holding of the surrogate and despite the directions contained in a simultaneous decision filed and published upon the same days respectively, denying leave to amend the petition and instructing the petitioner to bring on separate proceedings for the modification of the original decree granting letters and for the removal and revocation of letters, no new proceeding was brought on in any form.

Upon the present motion Mrs. Butler again moves in her capacity as executrix and also as trustee and not individually. The jurisdictional defect therefore again inheres and continues in the present application. It should also be pointed out that even if a proper proceeding for removal or revocation had been brought, it could not have affected the right of the executor to have his accounts judicially settled. In fact and in law under the provisions of the Surrogate's Court Act if he had been removed or his letters revoked a direction to require him to account for his acts up to the termination of his fiduciary capacity and duties would have been mandatory. (Surr. Ct. Act, § 258.) To dismiss the present accounting would therefore be an absurdity and a useless waste of the estate funds.

It is unnecessary to discuss other reasons which constitute a bar to the motion to dismiss the pending accounting proceeding. It is sufficient to say that not only the motion to dismiss is unfounded in law, but the conduct of the co-executrix amounted to laches, estoppel and acquiescence which would afford additional grounds for the denial of the relief which she seeks.

In the opinion of the surrogate the motion to dismiss is purely dilatory because made on the eve of the date set for the trial and determination of the issues in the pending accounting proceeding. The administration of this estate by the executors has covered a period of over nine years. It is the plain mandate of the Court of Appeals in *Matter of Bloomingdale*, (278 N. Y. 435) that the administration should be completed without further unnecessary delay.

Submit order on notice denying the motion to dismiss accordingly.