In the Matter of the Petition of JOSEPH I. ERENSTOFT for a Decree Revoking Letters Testamentary and of Trusteeship and for the Removal of IRVING PARNES, as an Executor and Trustee of the Estate of HERMAN PARNES, Deceased, Pursuant to Section 99 of the Surrogate's Court Act. IRVING PARNES, as Coexecutor and Cotrustee, etc., of HERMAN PARNES, Deceased, Appellant; JOSEPH I. ERENSTOFT, as Coexecutor and Cotrustee, etc., of HERMAN PARNES, Deceased, and LAFAYETTE NATIONAL BANK, as Coexecutor and Cotrustee, etc., of HERMAN PARNES, Deceased, Respondents.— In a proceeding under section 99 of the Surrogate's Court Act, petitioner, one of the executors and trustees named in the will of the decedent, moved for the revocation of the letters testamentary and of trusteeship issued to one of his coexecutors and cotrustees on the ground that he had willfully refused or without good cause neglected to obey the final decree. The motion was granted. Decree of the Surrogate's Court of Kings County

reversed on the law, the appellant's removal as executor and trustee revoked the application therefor denied, and the matter remitted to the Surrogate's Court for the entry of a decree accordingly. Costs, payable out of the estate, are allowed to the appellant and to the respondents. Petitioner is not a person entitled, within the provisions of section 99 of the Surrogate's Court Act, to institute such a proceeding. (*Matter of Bloomingdale* [*Appeal No. 11*], 171 Misc. 843; affd., 258 App. Div. 952; *Matter of Cohen*, 147 Misc. 330, 570.) Lazansky, P. J., Carswell, Johnston and Taylor, JJ., concur; Hagarty, J., not voting.