In the Matter of the Estate of WILLIAM A. GRIFFIN, Deceased.

Surrogate's Court, Erie County, November 10, 1948.

*Hugh McM. Russ, Laurence Coffey* and *James Heffernan* for Manufacturers and Traders Trust Company and another, as executors of John B. Richards, deceased.

*Robert Lansdowne* for Caroline D. Thompson and another.

*David S. Jackson,* respondent in person.

*J. Clement Johnston* for William A. Griffin, Jr.

*Thomas McKenna,* creditor of William A. Griffin, Jr., in person.

*Michael J. Montesano,* special guardian.

*C. D. Cummings* for estate of John B. Richards.

BUSCAGLIA, S. The decedent, William A. Griffin, died on the 31st day of January 1942, leaving his widow, Caroline D. Griffin, and two sons, David A. Griffin and William A. Griffin, Jr., both of full age. The will and two codicils thereto of the decedent were admitted to probate on February 17, 1942, and letters testamentary were issued to the widow and John B. Richards, the executors therein named. On August 3, 1945, a final decree was entered in this court, judicially settling the accounts of the executors and discharging them as such.

The executor, John B. Richards, died on September 8, 1946, and David S. Jackson, acting pursuant to the last codicil of the deceased and the first provision thereof reading as follows:

" First:— In the event that John B. Richards shall fail to qualify as an executor of my estate or as a trustee of the trusts created by my said will, or in the event of his death or incapacity at any time prior to the completion of the administration of my estate and of the said trusts, I hereby nominate and appoint David S. Jackson, of the City of Buffalo, New York, as a substitute for, and in place and stead of, John B. Richards, with all the powers, duties, rights and privileges granted to John B. Richards under the terms of the said last Will and Testament " petitioned this court for his appointment as successor executor, without notice to any of the interested persons, and on November 20, 1946, this court duly issued to him letters testamentary authorizing him to act as such. On June 28, 1948, the successor executor petitioned this court and prayed, among other things, that the decree settling the accounts of the former executors be set aside. On July 13, 1948, he filed a petition to compel the executors of the estate of John B. Richards, the deceased executor, to file an accounting. Thereupon the executors of the John B. Richards estate obtained an order from this court directing the said David S. Jackson to show cause why the letters testamentary issued to him, as aforesaid, should not be revoked and set aside on the ground that the application therefor was without notice by citation, or otherwise, to the persons interested, which order to show cause contained a direction restraining or staying the said successor executor from exercising any rights under his letters. The successor executor has filed with the court an answer to the last proceeding, which the surviving executrix, Caroline D. Griffin (now Caroline D. Thompson), has moved to strike out by asserting that the allegations therein are redundant and frivolous.

Inasmuch as the executors of the estate of John B. Richards and Caroline D. Griffin, as surviving executrix of this estate, are not interested persons as provided in section 314 of the Surrogate's Court Act, and as held in *Matter of Cohen* (147 Misc. 330 and 147 Misc. 570) their applications for relief to this court as such are denied and any order obtained by them restraining the successor executor is hereby vacated. However, a determination of the issue whether the application of the successor executor for letters testamentary was properly granted, without notice to the interested persons, can be made because of the appearance of interested persons in these proceedings.

In the judgment of this court, unless there is pending a contested probate proceeding, the issuance of letters testamentary

is not a proceeding requiring compliance with sections 48 and 51 of the Surrogate's Court Act and notice to the interested parties.

The authority of an executor to act is derived from the last will and testament of the deceased and not from the letters testamentary issued by the Surrogate. The letters are authentic evidence of the power conferred by the will and are secured upon the probate of that instrument. The right of a successor executor to act is practically absolute.

The rule grows out of the fundamental principle, universally recognized, that effect shall be given to the will of a testator when not contrary to the rules of law, as such will, and the intent of the author of it can be gathered from the whole instrument. (*Hartnett* v. *Wandell,* 60 N. Y. 346; *Matter of Bergdorf,* 206 N. Y. 309; *Matter of Walsh,* 147 Misc. 281; *Matter of Leland,* 96 Misc. 419; *Matter of Rath,* 107 Misc. 598; *McMaster* v. *Gould,* 240 N. Y. 379.)

The right to act as executor can, however, be forfeited upon filing objections as provided in section 96 of the Surrogate's Court Act, showing that the executor is incompetent to serve as such upon the ground specified in section 94 of the same act. No evidence has been submitted showing that such inability exists on the part of Mr. Jackson under the last-cited section.

This court is satisfied from the original petition filed by the successor executor for his appointment, and the other proof submitted herein, that Mr. Jackson is entitled to act as such in accordance with the provisions of the codicil herein set forth. The facts recited in his petition show that the administration of this estate has not been completed. It is an elementary rule of law that letters granted to executors are conclusive evidence of their authority until the decree granting them is revoked or reversed upon appeal. (Surrogate's Ct. Act, § 90.) The duties of the office continue if there are additional unaccounted assets, claims or liabilities that require adjudication and settlement. (*Mahoney* v. *Bernhard,* 45 App. Div. 499; *Joseph* v. *Herzig,* 198 N. Y. 456.) Moreover, if there are unadministered or additional assets in this estate the successor executor has a duty to take the necessary legal or equitable proceedings to protect the rights of the interested persons. For failure to properly discharge his duties, he may be subjected to legal liability.

Section 155 of the Surrogate's Court Act specifically provides: " After a will has been admitted to probate any person entitled to letters thereunder who is competent by law to serve, and who appears and qualifies, is entitled to letters testamentary

thereupon. * * * A person entitled to letters upon a contingency may appear and show that the contingency has happened by which he is entitled to such letters. * * * ''

The statute is silent regarding notice to the interested persons. In view of *Hartnett* v. *Wandell,* 60 N. Y. 346 (*supra*) where letters testamentary were issued, without notice, this court is constrained to hold that notice by citation or otherwise to the interested parties was and is not necessary.

It is the opinion of this court that section 96 of the Surrogate's Court Act, with respect to notice to interested persons, was not intended to apply under circumstances presented by the facts in this case.

'' The letters testamentary, founded upon the probate of the will, neither create the executor nor confer title or power upon him. They are the authentic evidence that the will has been duly proven; that the testator competently and in fact made the selection and designation of the executor, and that permission has been given the executor, by the court having jurisdiction, to exercise the powers conferred by the testator through the will. The selection and designation may be immediate and expressed, or it may be constructive or by implication, or it may be delegated by the will. The fundamental and ever-present principle that effect shall be given to the ascertainable and lawful intention of the testator, if expressed in the instrument, covers this act with its beneficent and protecting sway and impels judicial tribunals to thrust aside technicalities, fill in as necessary that which is missing and interpret liberally that which is written in progressing to their decisions committing the execution of wills to those who were within the contemplation and intention of the testator. The intent of a testator as to how, when and by whom his estate shall be conserved, paid out and distributed will be, if needs be, strenuously searched for in the testamentary language and when ascertained will be carried out insofar as it is not inimical to law. (*Hartnett* v. *Wandell,* 60 N. Y. 346; *Hill* v. *Tucker,* 13 How. [U. S.] 458; *Brown* v. *Just,* 118 Mich. 678.) '' (*Matter of Bergdorf,* 206 N. Y. 309, 312; see, also, *Matter of Mayer,* 84 Misc. 9.)

For the reasons herein stated, the motion to vacate or set aside the letters testamentary issued to David S. Jackson and to remove him from office, is hereby denied, and the order restraining him dated July 22, 1948, is vacated.

Submit decree on notice in conformity herewith.