In re EFFERTZ' ESTATE.
GERGEN, Appellant, v. KELLINGTON, et al., Respondents.

No. 8893

Submitted May 9, 1949. Decided June 30, 1949.

207 Pac. (2d) 1151

Mr. Thomas Dignan, Jr., Glasgow, and Messrs. Coleman, Jameson and Lamey, Billings, for appellant. Mr. Lamey argued the cause orally.

Mr. Gordon Hoven, Wolf Point, and Mr. Vernon Hoven, Plentywood, for respondent. Mr. Vernon Hoven argued the cause orally.

MR. JUSTICE BOTTOMLY:

This is an appeal from an order dated December 4, 1948, and filed December 6, 1948, admitting a will to probate and appointing administrators with the will annexed.

The order complained of is as follows: "It is therefore ordered that the said documents heretofore filed, purporting to be the last will and testament of said Tillie Effertz, deceased, be admitted to probate as the last will and testament of said Tillie Effertz, deceased; that said Reverend E. V. Gergen and the said R. O. Nelson be and they are hereby appointed joint administrators with the will annexed of said will and that letters of administration with the will annexed issue to said appointees upon their taking the oath required by law and filing a bond according to law in the sum of five thousand dollars."

Appellant contends that under her will the testatrix did name and designate the person she intended and desired as her executor.

Having the right to nominate and designate in her will, the executor of her will and the right to delegate to some person named in the will the power and authority to name and nominate an executor, and if such person is competent and willing to qualify and act, it is under the law mandatory upon the court to appoint such person executor and issue letters to such person qualifying.

Respondent contends that no executor was named in the will of testatrix and in her will no suggestion by implication or otherwise was made as to an executor and therefore the appointing of a person or persons to administer the estate of testatrix was in the discretion of the court and the order complained of should be sustained.

The questioned clause of the will is the penultimate paragraph thereof which is as follows: "Lastly I hereby direct that the Judge of the Court that admits this will to probate, appoint the nominee of the Roman Catholic Bishop of the Diocese of Great Falls, Montana to act as executor of this my Last Will and Testament, said nominee to act without bonds."

The will of testatrix having been admitted to probate, the question on this appeal for determination is: May a testator, under the laws of this state, delegate to a person designated in the will, the power and authority of nominating an executor?

This particular question is one of first impression in this state. Probate of wills and the right to letters testamentary are governed by statute. Section 7016, R. C. M. 1935, provides: "A will is to be construed according to the *intention of the testator*. Where his intention cannot have effect to its full extent, it must have effect as far as possible." (Emphasis supplied.) In re Hartwig's Estate, 119 Mont. 359, 175 Pac. (2d) 178, 180; In re Strode's Estate, 118 Mont. 540, 167 Pac. (2d) 579, 581; In re Doyle's Estate, 107 Mont. 64, 80 Pac. (2d) 374, 375; In re Yergy's Estate, 106 Mont. 505, 79 Pac. (2d) 555, 558; Blacker v. Thatcher, 9 Cir., 145 F. (2d) 255, 259; In re Irvine's Estate, 114 Mont. 577, 139 Pac. (2d) 489, 490, 147 A. L. R. 882.

Section 7065, R. C. M. 1935, provides: "Where it appears, by the terms of a will, that it was the *intention of the testator* to commit the execution thereof and the administration of his estate *to any person* as executor, *such person, although not named executor, is entitled to letters testamentary in like manner as if he had been made executor.*" (Emphasis supplied.)

"It is said to be the common law and the law of nearly all of the states of the Union that one who, according to the tenor of the will, is intended as executor is entitled to office although not specifically named as 'executor' in such instrument." Bancroft's Probate Practice, Vol. 1, sec. 237, p. 435.

The Supreme Court of California, having under consideration the question of the appointment of an executor not named in the will but in accordance with the tenor of the will, commenting on their section 1371, Civ. Code, from which our section 7065 was copied, stated: "Where it appears by the terms of a will, that it was the intention of the testator to commit the execution thereof and the administration of his estate to any person as executor, such person, although not *named* executor, is entitled to letters testamentary in like manner as if he had been named

executor. [Section 1371 Civ. Code.]'' (Emphasis supplied.) In re Parker's Estate, 202 Cal. 138, 259 Pac. 431; In re Spencer's Estate, 203 Cal. 424, 264 Pac. 765.

There may be good reasons in the mind of a testator for not making a present designation. The person he appoints in his will may die before the time of probate; for this and other reasons he may choose to repose the power in some prudent person, as the judge of the court having jurisdiction of the matter. Such right cannot be held to be abrogated except by express enactment or by necessary implication. Neither is found in our statutes.

The intention of the testator as expressed in her will itself ▮ must, of course, govern in the matter of appointing executors, as in other matters affecting the administration of her estate. Schouler on Wills, Executors and Administrators, 6th Ed., 1926 Supp. Par. 1509, p. 255; In re Estate of Parker, supra.

No particular form or words need be used in designating the executor. Effect will invariably be given to testator's intent if such intent can be gathered from the actual language used. 3 Schouler on Wills, 6th Ed., par. 1509. Technicalities are usually brushed aside and ''great liberality * * * exercised in committing the execution of wills to those indicated in any manner by the will as the testator's choice, so as not to disappoint his wishes, regardless of technicalities.'' 21 Am. Jur., ''Executors and Administrators,'' sec. 56, p. 405.

It is an elementary rule in the construction of wills that the ▮ language used must be liberally construed with a view to carrying into effect what the will as a whole shows was the real intent of the testator. Estate of Phelps, 182 Cal. 752, 756, 190 Pac. 17; Estate of Young, 123 Cal. 337, 343, 55 Pac. 1011; In re Estate of Phoebe Benolken, 122 Mont. 425, 205 Pac. (2d) 1141, 1 St. Rep. 134.

''The right of a particular person to act as executor of a decedent's estate is dependent upon his being named as such in decedent's will *or his nomination by some person or persons* to whom the testator has delegated his right of nomination.'' (Emphasis supplied.) 21 Am. Jur., ''Executors and Administrat-

ors,'' sec. 56, 57, p. 404, 405; In re Crosby's Estate, 218 Minn. 149, 15 N. W. (2d) 501, 11 R. C. L., sec. 19, p. 32.

''A testator may by provision in his will delegate to others the power to appoint an executor. A testamentary appointment may be either an immediate designation or an appointment by others by authority of the will. A testator may delegate to some person or persons named in the will, or to the probate court, the power to name an executor * * *.'' 33 C. J. S., Executors and Administrators, sec. 22(c), p. 906; In re Brocato's Estate, 143 Misc. 664, 258 N. Y. S. 111; Thomas v. Field, 210 Ala. 502, 98 So. 474; Bishop v. Bishop, 56 Conn. 208, 14 A. 808; Brown v. Just, 118 Mich. 678, 679, 77 N. W. 263; Kinney v. Keplinger, 172 Ill. 449, 50 N. E. 131; Boning's Estate, 31 Pa. Co. Ct. 420.

''It cannot be controverted that a testator may delegate to another person the right to appoint his executor. It is a practice recognized by the common law, and is not violative of any principle of public policy. An executor is solely the creature of the testator, who has the power not only to name his executor directly in his will, but he may in his will delegate to another the right to appoint an executor after his death, the only requirement being, as in the case of the appointment of an executor, that the one who may make the appointment be identified. * * * Within the limits and the time allowed by law, a testator may commit the administration of his estate and the care of his property to such individuals or succession of individuals, selected by himself or to be designated by others, as he may desire.'' 3 Alexander's Commentaries on Wills, sec. 1221, p. 1891.

Section 10056, R. C. M. 1935, provides: ''The court or judge admitting a will to probate, after the same is proved and allowed, must issue letters thereon to the persons named therein as executors, who are competent to discharge the trust, who must appear and qualify, unless objection is made, as provided in section 10058.''

Section 10057, R. C. M. 1935, provides, in part: ''No person is competent to serve as executor who, at the time the will is admitted to probate, is: 1. Under the age of majority; 2. Con-

victed of an infamous crime; 3. Adjudged by the court or judge incompetent to execute the duties of the trust by reason of drunkenness, improvidence, or want of understanding or integrity. * * *''

''The power of a testator over his estate, the care and management as well as the ultimate disposition and distribution of it, is unqualified and absolute, save only as restricted and limited by statute. * * * Within the limits * * * allowed by law, a testator may commit the administration of his estate and the care of his property to such individuals or succession of individuals, selected by himself or to be designated by others, as he pleases. As he can dispose of the whole estate he may dispose of the naked custody and the management of it * * *. A will not inconsistent with law, gives the law for the custody and administration as well as the ultimate disposal of property.'' Hartnett v. Wandell, 1875, 60 N. Y. 346, 349, 19 Am. Rep. 194.

The above decision was cited, approved and adopted by the Surrogate's Court in Re Brocato's Estate, supra, 1931.

In Wilson v. Curtis, 151 Ind. 471, 51 N. E. 913, 68 Am. St. Rep. 236, the Indiana Supreme Court stated: ''It has been decided that a testator may in his will delegate the authority to name an executor to some third person or persons, and the appointment made by them will be the same as if made in the will. Williams, Ex'rs, pp. 195-202; Woerner's Adm'n, sec. 239; Schouler Ex'rs, sec. 41; Crosw. Ex'rs & Adm'rs, p. 52; 1 Thornt. [and Blacklege] Adm's [and Settlement of Estate], 13, and cases cited; 1 Am. & Eng. Enc. Law, 180, and notes; Hartnett v. Wandell, 60 N. Y. 346, [19 Am. Rep. 194]; State v. Rogers, 1 Houst. Del., 569; Mulford v. Mulford, 42 N. J. Eq. 68, 76, 6 A. 609; Bishop v. Bishop, 56 Conn. 208, 14 A. 808; Kinney v. Keplinger, 172 Ill. 448, 449, 50 N. E. 131.''

In Bishop v. Bishop, supra, the court stated [56 Conn. 208, 14 A. 809] : ''The executor is the creation solely of the testator; and it is within the power of the latter, not only to appoint personally, but he may project his power of appointment into the future, and exercise it after death through an agent selected by

him; and the agent may be pointed out by name, or by his office or other method of certain identification.''

In the instant case it is clearly the intention of the testator and her wish and desire to have appointed as her executor the person nominated by the said Bishop. Such language definitely and with certainty points out and identifies beyond any doubt the person to nominate the executor of her will.

Our statutes relating to the appointment of executors are substantially the same as the statutes on the same subject in force in New York in 1875 when the case of Hartnett v. Wandell, supra, was decided. It is interesting to note that the relative New York statutes are very similar to the corresponding statutes of Montana which were adopted from the Field Civil Codes and the case of Hartnett v. Wandell, supra, was decided prior to our adoption of the sections in question.

''The rule that the construction of a borrowed statute by the highest court of the parent state, prior to its enactment here, will be followed by this court is of long standing. (Citing many cases.)'' Easterly v. Broadway Garage Co., 87 Mont. 64, 70, 285 Pac. 172, 173; 50 Am. Jur., ''Statutes,'' sec. 324, p. 316.

By enacting the above statutes, it is manifest the legislature intended, based upon immemorial custom and statute, to give the testator the absolute right to appoint an executor and to give the preferential right of the appointment to the testator's nominee, and to make such right mandatory upon the court, unless such appointee or nominee is incompetent under the terms of section 10057, supra.

No showing was made, nor is any question raised in the record herein or otherwise that the petitioner, Rev. E. V. Gergen, was or is not qualified in every particular. On the contrary, it appears from the record that he is qualified under the statutes to be appointed executor.

In her will the testatrix had the right to name the person she intended and desired to act as the executor of her estate. The testatrix had the right to delegate to the person in whom she had confidence and trust the power to name the executor of

her will. "The words of a will are to receive an interpretation which will give to every expression some effect, rather than one which will render any of the expressions inoperative." See 7024, R. C. M. 1935.

The wish, desire and intention of the testator herein points particularly and definitely to limit the executor of her will and the management of her estate to one person and that person is the nominee as provided in her will.

The record herein shows that William J. Condon as such Bishop, in accordance with the terms of said will, within time filed his notice of nomination of the Rev. E. V. Gergen of Plentywood, Montana, and the said Rev. E. V. Gergen duly and regularly filed his petition for probate of the will and request that letters testamentary issue to him.

From the foregoing it is apparent the court erred in appointing R. O. Nelson administrator with the will annexed and in not appointing Rev. E. V. Gergen executor of said will.

The order of December 4, 1948, of the court below is reversed and the cause remanded and the court is hereby directed to appoint Rev. E. V. Gergen executor of the last will and testament of Tillie Effertz, deceased, and that letters testamentary issue to him upon his qualifying therefor and that he may administer the same without bond.

Mr. Chief Justice Adair and Associate Justices Angstman, Freebourn and Metcalf, concur.