## EX PARTE, McDONNELL.

*In the matter of the Estate of* MICHAEL McDONNELL, *deceased.*

THE appointment of an executor may be express or constructive, and though a person be not appointed executor by that name, yet if the testator commit to his charge duties which it is ordinarily the province of an executor to perform, the intention to invest him with that character may be inferred.

Where the testator by his will said, "After all my just debts being paid, I wish my brother E. M. D., to *invest* all my property, consisting of a farm, &c., six hundred dollars, &c., in the Greenwich Savings' Bank, &c., and chattle property *when converted into cash;* and the interest accruing thereupon to be transmitted to my father; and the capital, at my father's death, to be divided among my three brothers,"—Held, that E. M. D. was designated to execute the will, and was executor according to the tenor.

A. THOMPSON, *for Executor.*

THE SURROGATE. Edward McDonnell applies for letters testamentary on the will of the testator, on the ground that he is executor *according to the tenor.* Though the executor can only derive the right to his office from a testamentary appointment, yet it is well established that his appointment may be either express or constructive. This, like all other questions of testamentary construction, is a question of intention, to be ascertained from an examination of all the provisions of the will. The rule seems to be that, although an executor be not nominated in precise terms, yet, if by *any* words the testator commit to any person the charge of those duties which it is ordinarily the province of an executor to perform, the intention to invest him with that character may be inferred. (*Toller*, 35 ; *Williams on Executors*, 186.)

The testator bequeaths as follows, " After all my just

debts being paid, I wish my brother Edward McDonnel, to invest my property, consisting of a farm near Dubuque; about six hundred dollars in the Greenwich Savings' Bank; one hundred and fifty dollars owing to me by my said brother, E. McD., and one hundred dollars lent by me to J. McD ; my stock of liquors and chattel property, when converted into cash,—the whole amount to be invested in some safe bank in the city of New York, and the interest accruing thereupon to be transmitted semi-annually to my father; and the capital at my father's death, to be divided, share and share alike, among my three brothers." It is very manifest that the testator has here committed the administration of all his estate to his brother Edward. The words " after all my just debts being paid," if they were followed by a mere gift would throw a doubt over such a construction. But they are in immediate connection with the bestowal of powers identical with those of an executor, such as the collection, sale and conversion of his estate into cash, its investment, the payment of the interest, and the distribution of the principal. It could not have been designed to entrust these important duties to his brother, and commit to an administrator the payment of his debts ; on the contrary, the most sensible reading seems to be that the payment of debts, as well as the other executory powers mentioned in immediate connection, were all intended to be committed to the charge of the same person, instead of being broken and separated. It thus appearing that the testator designated his brother as the person to *execute* his will, and the use of the word " executor " not being essential to the appointment, letters testamentary may issue to the applicant.