NEW YORK COUNTY.—HON. D. C. CALVIN, SURROGATE.—
August, 1879.

MATTER OF BLANCAN.

*In the matter of the probate of the will of* MARIE C. BLANCAN, *deceased.*

It is not necessary that the appointment of an executor should be made in so many words. Any provision in the will showing that the testator intended that the duties of an executor should be discharged by the person named, is sufficient to constitute him an executor.

Where, by a will executed under the French law, the testatrix constituted her husband her " general and universal legatee," and dispensed with his giving security, and by the law of France all the rights and duties of an executor are devolved on such a legatee, *Held*, that the husband must be deemed executor of the will, although not specifically named as such, and was entitled to letters testamentary.

THE facts appear sufficiently in the opinion.

PEET & OPDYKE, *for petitioner.*

THE SURROGATE.—The testatrix, at the time of her decease, was a resident of the city of Paris, in France, and duly executed her last will and testament in conformity with the laws of France. A part of the property of the testatrix being situated in the county and state of New York, the said will, under the statutes of this state in such case made and provided, must be admitted to probate here as a will of personal property.

Peter C. Blancan is the surviving husband of the testatrix; he is a citizen of the United States, a resident of the city and county of New York, the petitioner for the probate of said will, and prays that letters testamentary may issue to him.

The will, according to the sworn translation thereof, is in these words, viz.: "This is my will. Wishing to give to my husband a proof of my sincere affection, I constitute him my general and universal legatee, and I dispense with his giving security for the portion of my property in which he shall have only a life interest. Bordeaux, October 9, 1878. Marie Virginie Blancan."

The only question for consideration is, whether the petitioner, not being named in so many words as the executor of said will, is in fact sufficiently indicated as such executor, according to the tenor thereof. It is not necessary that the appointment of an executor should be made in so many words, but any provision in the will showing that the testator intended that the duties of an executor should be discharged by the person named, is sufficient to constitute such person an executor accord-

ing to the tenor thereof, and to entitle him to letters testamentary thereon. It was held by Judge BRADFORD that the brother of the testator was an executor, according to the tenor of the will, where he was directed by the will to invest the property, when converted into cash, and to transmit the interest thereof to the testator's father ; and that the use of the word "executor" was not essential to the appointment, and that letters testamentary might issue to said brother. (*Ex parte* McDonnell, 2 *Bradf.*, 32.) The same learned judge also held that a provision in a mutual will, that the survivor shall remain in full possession of all the estate without the interference of any court, has the effect of devolving upon the survivor the whole administration of the estate. It is a constructive executory appointment, according to the tenor. (*Ex parte* M'Cormick, 2 *Bradf.*, 170.)

In the case under consideration, it will be observed that the testatrix constitutes her husband her *general and universal legatee.* Such appointment, by the laws of France, where her will was executed, devolves upon the said legatee all the rights and duties of an executor, makes him liable for the payment of all debts, charges and legacies. (*French Civil Code*, § 1009.)

It is also manifest from the wording of the will of the testatrix, that she intended her husband should perform the duties of executor, because she dispenses with his giving security for her estate, showing conclusively that she contemplated and intended that he should have the possession, control, and management thereof. It is very clear that no security could, under any circumstances, be required of her general and universal legatee, unless

the control and management of her estate was confided to his hands.

I am, therefore, of the opinion that said Peter C. Blancan is the executor of the will of the testatrix, according to the tenor thereof, and that letters testamentary should issue to him as such.

Ordered accordingly.