(18 App. Div. 189.)

BAKER et al. v. BAKER et al.

(Supreme Court, Appellate Division, Second Department. June 8, 1897.)

1. PUBLIC ADMINISTRATOR—APPOINTMENT AS EXECUTOR.
    A direction in a will that the public administrator shall "sell out all real and personal estate," is an appointment of the public administrator as executor of the will.

2. EQUITABLE CONVERSION—POWER OF SALE.
    A will, after giving various pecuniary and specific legacies, concluded: "The residue I desire to be divided among my children, share and share alike. The public administrator to sell out all real and personal estate." *Held*, that a conversion of the real estate into personalty was effected.

Appeal from special term, Kings county.

Action by Frank H. Baker and others against George E. Baker and others for partition. From an interlocutory judgment of partition and sale, some of the defendants appeal. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Richards Mott Cahoone, Charles H. Otis, and Josiah T. Marean, for appellants.

Francis E. Dana, for respondents.

CULLEN, J. This action was brought for the partition of lands of which one Edwin Baker died seised. He left the following will:

"I, Edwin Baker, of 157 Congress St., Brooklyn, do hereby make my will, having burned up the previous one. To Mary E. Baker I give what the law allows, and no more. To my niece Florence Ell, of No. 6, the Gables, Hempstead Heath, London, England, I give the sum of ten thousand dollars, in trust for my sister Ellen A. Cookson, her mother. To Susan Murrell, now residing at 456 Pacific street, I give my money in the Atlantic or South Brooklyn Savings Institution, and also in the Dime Savings Bank. To John Sands, Senior, five hundred dollars. To Oscar F. Burton the bond and mortgage 1 hold against him. To my friend, Dr. C. T. Sauer, I give $500.00. To Jacob Heinemann, the money he owes me. To my son-in-law, Joseph Calvin, $1,000.00. Oscar F. Bradley, $100.00. To the Mercantile or Brooklyn Library, $1,000.00. The residue I desire to be divided among my children, share and share alike, The public administrator to sell out all real and personal estate.

"Dated 157 Congress street, Brooklyn. October 4th, 1893."

This will was subsequently admitted to probate, and letters testamentary issued to the public administrator as executor thereof. The plaintiffs are three of the children of said Baker. The defendants are the other children of Baker, his widow, the legatees under his will, and the public administrator. The action was resisted by the public administrator on the claim that by the will there was equitable conversion of the realty into personalty. This is practically the only question to be determined on this appeal, for the appellants concede that, if there was no equitable conversion, the pecuniary legacies are not charged on the real estate; while the respondents admit that, if there was an equitable conversion, the estate is not in such a condition that the residuary legatees can elect to take the land, as such, in lieu of its proceeds. The trial court found that there was no conversion into personalty, and that each of the six children of the testator was seised in fee absolute of an undivided sixth of the lands, sub-

ject to the dower right of the widow. From the judgment the parties to the action other than such children have taken this appeal.

This will is one of the most meager in its provisions that has fallen within our observation or reading. It has the merit of brevity, but somewhat at the expense of clearness and accuracy. There is no express appointment of an executor, nor any description or identification of the property to be given to the residuary legatees. It may well be doubted whether, exclusive of the direction to the public administrator, the will would be sufficient to pass real estate. That direction is: "The public administrator to sell out all real and personal estate." This direction the surrogate held—and we think rightly—sufficient to constitute an appointment of the public administrator as executor. 1 Williams, Ex'rs, 189; Ex parte McDonnell, 2 Bradf. Sur. 52; In re Blancan, 4 Redf. Sur. 151. See Hartnett v. Wandell, 60 N. Y. 346. If this decision of the surrogate was correct, then the will directs that the executor shall sell all the real estate. We think the direction is peremptory and absolute. It is found blended with a similar direction to sell the personal estate, and therefore cannot be considered as intended merely for convenience of division of the realty. Nothing is left to the discretion of the executor, not even as to the time of sale. The general rule is: "To constitute a conversion of real estate into personal, in the absence of an actual sale, it must be made the duty of the trustees to sell it in any event. A more discretionary power produces no such result." White v. Howard, 46 N. Y. 144. But, if the direction is absolute, and the execution of the power not dependent on contingency or the exercise of discretion, "the land is equitably converted into money from the time the sale was directed to be made, and will be so regarded thereafter in equity for all purposes." Moncrief v. Ross, 50 N. Y. 431. See, to the same effect, Bramhall v. Ferris, 14 N. Y. 41; Hatch v. Bassett, 52 N. Y. 359; Lent v. Howard, 89 N. Y. 169. We think the application of this general rule to the case before us is emphasized by the fact that the testator directs the executor to sell out all real and personal estate, thus joining both classes of property. Until this provision, the will makes no mention of realty. It would thus seem that the testator contemplated a conversion of all his property, real and personal, into a common fund, of which there was to be but a single distribution,—that directed in the previous provisions of the will.

The cases cited by the respondents' counsel are all distinguishable from that before us. In Miller v. Gilbert, 144 N. Y. 68, 38 N. E. 979, a sale of real estate was directed on the remarriage or death of the widow, on the first of which events one-half of the proceeds of the property was to be invested for the widow during life, and the other half divided among the testator's four children; on the second event, the whole proceeds to be divided among those children. Two of the children died prior to the decease of the widow, and the point was whether the remainders of those two vested on the decease of the testator, or were contingent upon their surviving the widow. The real question in the case was as to the application of the rule that, where there are no words of present gift, but simply a direction for

future distribution and division, the gift is contingent, and not vested. This was the same question involved in Goebel v. Wolf, 113 N. Y. 405, 21 N. E. 388; Re Tienken, 131 N. Y. 391, 30 N. E. 109; and Campbell v. Stokes, 142 N. Y. 23, 36 N. E. 811. The discussion of the doctrine of equitable conversion was in all these cases merely incidental to that of the dominant question, whether the gift was vested or contingent, and the decision of those cases did not necessarily involve a determination of the question whether there was an equitable conversion. Unquestionably, in the present case the executor took no estate in the land. He had merely a power in trust. But it is not necessary, to constitute an equitable conversion, that there should be even a devise in form to the executor, much less a valid devise, such as, under our statute, would vest in him the legal estate. In Moncrief v. Ross, supra, it was conceded that the legal title descended to the heir subject to the execution of the power of sale by the executor. But it was held that, as the direction to sell was absolute, no beneficial title passed to the heir, but that the executor was entitled to the rents and profits intermediate the death of the testator and the execution of the power. The same principle was held in Lent v. Howard, supra. Vernon v. Vernon, 53 N. Y. 351, and Clift v. Moses, 116 N. Y. 144, 22 N. E. 393, are not in point. In the Vernon Case the right of the widow to the rents and profits was not placed on the mere proposition that the executors had only a power in trust, and not the title, but on the ground that the exercise of that power was contingent, not absolute, and that power might never be exercised. The Clift Case was decided on the principle that the exercise of the power of sale was discretionary, not obligatory. In Chamberlain v. Taylor, 105 N. Y. 185, 11 N. E. 625, in a previous litigation (Chamberlain v. Chamberlain, 43 N. Y. 424), certain bequests had been held invalid. It was now held that there was no equitable conversion because of the invalidity of such bequests. Had the bequests been good, there would have been an equitable conversion. In Hobson v. Hale, 95 N. Y. 588, it was held that there was no conversion. But this, again, proceeded on the ground that there was no express power of sale in the will, nor provision which implied a power. Scholle v. Scholle, 113 N. Y. 261, 21 N. E. 84, was decided on the point, as stated by Judge Finch, "that there is in the will no imperative direction for the sale of real estate. Indeed, there is no direction to sell at all." We have thus briefly reviewed the cases cited by the counsel for the respondents. There is nothing to be found in any of them in conflict with the principles announced in the earlier decisions that a positive and obligatory direction to sell in any event, unqualified by the exercise of discretion, works an equitable conversion. As we construe the language of the will before us, the direction of the testator is of this character. It follows that partition cannot be maintained.

We are asked to determine on this appeal what the rights of the widow are under the will of the testator. We think that question does not arise in the present case, and cannot be decided.

Interlocutory judgment reversed, and complaint dismissed, without costs. All concur.