### In re WALSH'S ESTATE.

(Surrogate's Court, New York County. November 14, 1913.)

1. EXECUTORS AND ADMINISTRATORS (§ 14*)—APPOINTMENT OF EXECUTORS—IMPLICATION.

Where there was no express designation of an executor, a bequest of the testatrix's property to one and her children "for burial expenses" must be considered as a constructive appointment of an executor.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 29–31, 42; Dec. Dig. § 14.*]

2. EXECUTORS AND ADMINISTRATORS (§ 138*)—REAL ESTATE—POWER OF SALE.

Where land was devised to certain children, with the direction that the testatrix's father should receive a given amount of money out of the land, a power in the executor to sell the land arises by implication.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 560–566, 568–575; Dec. Dig. § 138.*]

In the matter of the estate of Bridget Walsh. Estate ordered sold.

Harold E. Lippincott, of New York City, for petitioner.

Andrew S. Hamersley, of New York City, special guardian.

FOWLER, S. Bridget Walsh, a domestic servant, died at a hospital leaving a hurried will prepared by an inexpert layman. The will, being entitled to probate, is now here for consideration. The estate consists of some $600 in cash and a lot in the Bronx valued at some $400 or $500, out of which the father of testatrix is to receive $200. The $600 in cash was bequeathed to Mary Moran and her children "for burial expenses." Unless this inartificial will sufficiently designates an executor and there is an implied power of sale, the whole of the little property will be frittered away in an attempt to comply with the usually wholesome, but necessarily technical and complicated, law relative to administration and the sale of the real property in a judicial proceeding. This course will absolutely frustrate the intention

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

of testatrix. I am disposed to prevent this waste of the little estate, if I can do so by a rational construction not unjustifiable in law.

[1] The first question is: Does the bequest to Mary Moran and her children "for burial expenses," in the absence of an express designation, operate as a constructive appointment of an executor? If so, there is an "executor according to the tenor." A bequest "to 'A.' to pay debts" constitutes A. an executor according to the tenor. 1 Woerner, Am. Law of Administration, § 229, and cases there cited; Williams on Executors, 134, 135; Baker v. Baker, 18 App. Div. 189, 191, 45 N. Y. Supp. 870. I think there is sufficient in this will to constitute an executor according to the tenor.

[2] The next question: Does the devise of the lot to the children of Mary Moran, "my father to receive two hundred dollars from it," carry a power of sale to the executor? This is a question more difficult to get over. But in law a power of sale may be raised by implication. It need not be express. Williams on Executors, 451; Coogan v. Ockershausen, 11 N. Y. Civ. Proc. R. 315; Meakings v. Cromwell, 5 N. Y. 136; Salisbury v. Slade, 160 N. Y. 278, 288, 54 N. E. 741. I think that the testatrix must be taken to have intended that her "executor according to the tenor" should sell the lot in order to pay her father $200. If so, there is a power of sale by implication, and it is peremptory.

Settle decree accordingly.