In the Matter of the Estate of VINCENZO BROCATO, Deceased.

Surrogate's Court, Queens County, June 24, 1931.

*August M. Gulotta*, for the petitioner.

*B. Arnold Chambers*, special guardian.

HETHERINGTON, S. Anna Brocato, widow of the testator, applies for letters testamentary on his will, on the ground that she is executrix *according to the tenor.*

An executor can derive his office from a testamentary appointment only. (1 Williams Executors, 209, and note a.) The appointment may be either express or constructive; and it may be an immediate designation, or an appointment by others by authority of the will. (*Hartnett* v. *Wandell*, 60 N. Y. 346.) *Bayeaux* v. *Bayeaux* (8 Paige, 333) is an example of an appointment of an executrix by implication, or according to the tenor. In that case the testator did not, in terms, nominate his wife as executrix, but by one clause of the will he appointed Jones C. Heartt as sole executor, in the event of the death of his wife during the minority of his children, and from this and other clauses the chancellor concluded that the wife was by implication appointed executrix and entitled to letters testamentary.

In *Matter of McDonnell* (2 Bradf. 32) Surrogate BRADFORD is reported as follows: " This, like all other questions of testamentary construction, is a question of intention, to be ascertained from an examination of all the provisions of the will. The rule seems to be that, although an executor be not nominated in precise terms, yet, if by *any* words the testator commit to any person the charge of those duties which it is ordinarily the province of an executor to perform, the intention to invest him with that character may be inferred." (Toller, 35; Williams Executors, 186.)

Here the testator left a will reading as follows: " I Vincenzo Brocato in death, all I owe will go to my wife, but in case she marries she loses all and the children get it all.

" Witness

" SOPHIE BROCATO
" SALVATORE BROCATO        VINCENZO BROCATO "

In the *McDonnell* will the testator, after providing for the payment of his debts, expressed a wish that his brother Edward collect, invest and dispose of his property, thus clearly manifesting an intention on his part to commit the administration of his estate to his brother. In the will under consideration there is a complete absence of intention to invest any one with the duties ordinarily belonging to the office of an executor. The application for letters testamentary is, therefore, denied. Letters of administration with the will annexed will issue to the widow upon filing a bond in the sum of $4,500. Compensation of special guardian fixed at $35.

Submit decree accordingly.