In the Matter of the Estate of WILLIAM E. HAZEN, Deceased.

Surrogate's Court, New York County, December 9, 1940.

John P. O'Brien, for Louisa A. Hazen, widow.

Mitchell, Taylor, Capron & Marsh [Thomas K. Egan, Jr., of counsel], for the City Bank Farmers Trust Company.

DELEHANTY, S. Deceased appears to have been the draftsman of his own will. In it he gave everything he owned to his wife after providing a number of bequests which aggregate a substantial sum of money. In respect of two of these money bequests he said that they were " to be placed in trust with the City Bank Farmers Trust Co." In next to the last paragraph of his text he said: " I appoint my wife Louisa Allen Hazen and City Bank Farmers Trust Co. trustees of my estate." The text of the will contains no direction in respect of trusts or in respect of the functions of trustees unless the two above-quoted texts can be so regarded. The will makes no use of the word " executor." It contains no direction to any person to do anything whatever about the affairs of the estate; not even to pay debts or funeral expenses. It is confined in its text wholly to dispositive provisions.

The petition filed by the surviving widow of deceased asks probate of the will and the issuance to her of letters of administration with the will annexed. She is entitled to such letters as residuary legatee if no executor is named in the will. City Bank Farmers Trust Company asserts that it is named with the widow of deceased as ʿcoexecutor by the tenor of the will. This difference in viewpoint presents the problem for solution.

Appointment of executors by the tenor is often made by testators as the records of probate courts show. The inadvertence of a testator in mislabeling his appointee is disregarded as of course and the appointment of executor confirmed when the text of the will supports the appointment in the opinion of the court. Since each such appointment of necessity must be validated by the particular terms of the will under scrutiny no exact precedents exist but some general principles are deducible from the decided cases. If the word " executor " is wholly omitted but there is cast upon some named person an affirmative duty to collect debts, adjust claims and make distribution of assets, an appointment of that person as executor is validated. If the person named to perform executorial duties is called by the testator a trustee or by some name other than executor the appointment as executor is nevertheless validated. Where the text imposes no duty whatever of an executorial nature

an appointment as executor cannot be spelled out of the mere fact that a person is named as beneficiary in the will or is otherwise mentioned therein.

The question here is whether persons called " trustees " in the will are charged with *executorial* functions and hence are executors by the tenor. The will directs that certain legacies are to be " placed in trust " as already noted. At the point where such gifts are made, the will does not state who are to be the trustees of the gifts. It is consistent with the text of these gift clauses to say that the later appointed trustees are to act only as trustees of these gifts. There are no " trust " functions to be performed otherwise. (It should be noted here that the court is not ruling that a true trust is created in respect of the gifts to the nieces of deceased.) The " trustees " are not charged expressly with the collection of assets or with the payment of debts.

In the English case of *Goods of Jones* (4 L. T. 477; 164 Eng. Rep. 952) the will said: " I give and bequeath to my dearly-beloved brother  *  *  *  all my money, notes of hand, and all securities, together with all other effects, my property, in trust, to be equally divided by him between himself and all others of my surviving brothers."

In considering whether the will appointed an executor the court said: " The cases on the subject have proceeded on very fine distinctions. The nearest in its circumstances to the present which I can find is *Boddicott and Hamilton* v. *Dalzeel*, 2 Sir G. Lee, 294. In the judgment I find the following remark:— ' I was of opinion that there were no words in the will to make the trustees executors. They had only power to pay what was vested in them as trustees to the particular persons for whose use they held it, but not a general power to receive and pay what was due to and from the estate, which is the office of an executor.' I think that case must govern the present  *  *  *."

In *Goods of Punchard* (L. R. 2 P. & D. 369 [1869]) the will said: " I leave a house on long lease,  *  *  *  that I wish to be sold to pay expenses and legacies;  *  *  *. I wish P. A. Collins to act as trustee to this estate. My pony and shay and pianoforte to be sold, and the money divided in equal shares; " etc.

The court there said: " In this case nothing was bequeathed to the person called a trustee; there is nothing for him to do as such, no duty to perform. The whole matter resolves itself into this: he is said to be a trustee. That is not enough,  *  *  *."

The *Jones* case was followed in *Goods of Fraser* (L. R. 2 P. & D. 183 [1869]) where the court noted that the trustees were not required

to "collect the estate and pay debts." It was followed also in *Goods of Morgan* (L. R. 1 P. & D. 214 [1865]).

The New York cases which have validated appointments by the tenor comment in each instance on some language which is held in the particular case to impose executorial duties. In the Hazen will the bank appointee would clearly be only a "trustee" of the funds ordered deposited with it were it not for the joinder of the wife with the bank as "trustees." That joinder standing alone is not enough to warrant a holding that *executorial* functions are conferred by this will on the bank jointly with the widow. Her "trustee" functions might have been conceived by deceased as imposing on her the recognition of the prior rights of the general legatees. This idea is in line with *Goods of Jones* (*supra*).

Accordingly letters of administration with the will annexed will issue to deceased's widow, as she asks. This result is based on the text of the will itself. The court has disregarded the purported extraneous proof of the intent of the testator. Submit, on notice, decree accordingly.