## In the Matter of the Probate of the Will of Roslyn Levine, Deceased.

Surrogate's Court, Queens County, November 12, 1947.

*Jacob Schwartz* for petitioner.

SAVARESE, S. Decedent, Roslyn Levine, died October 7, 1947, leaving a paper writing dated June 23, 1947, which has been offered for probate as her last will and testament. No objection is made to its probate. The proofs satisfy me that it was validly executed at a time when decedent was competent and free from restraint. The only question presented is whether the petitioner, Benjamin Siegel, is entitled to letters testamentary. After providing for the payment of certain legacies and debts, the will reads as follows: " Whatever minor debts may come up I want my uncle Ben Siegel to take care of."

Does this provision appoint petitioner executor by implication? The will is evidently not lawyer drawn. Nowhere is the term " executor " used, nor is anyone designated to take charge of the estate being disposed of except in the above-quoted sentence. The duty to pay debts is one of the primary duties of an executor. The intention to impose this duty justifies the inference that she intended petitioner to act in that capacity generally. The petitioner is an executor according to the tenor of the will. (*Baker* v. *Baker,* 18 App. Div. 189; *Matter of Hazen,* 175 Misc. 851; *Matter of Brocato,* 143 Misc. 664; *Matter of Walsh,* 144 N. Y. S. 442.) Submit decree admitting will to probate and directing that letters testamentary issue to petitioner upon qualifying in the manner prescribed by law.