In the Matter of the Accounting of J. NEWTON BREWSTER, as Administrator C. T. A. of ELLA TUTHILL, Deceased.

Surrogate's Court, Orange County, March 5, 1948.

*Donald McCann* for administrator.

TAYLOR, S. It is obviously very certain that the will here presented was prepared by the testatrix herself without legal assistance. Omitting the signatures and date in text it is as follows:

> " The way I wish my belongings to be divided
> Clara Moffat $500, Ben Brewster $500, Charlie
> Brewster 500, Newton Brewster 1000.
> Newton Brewster to have what money there might
> be in Newburgh and Washingtonville banks after
> all others are paid. He is to pay all debts
> and expenses.
> Cora Tuthill $100 — and what silver there
> is — brass bed and dresser
> Clara Moffat to do with all else as she sees fit."

Two questions present themselves: (1) the nature of the four money legacies, and (2) whether or not the will appoints an executor. Perhaps the latter question might well have been presented before, but it appears to be important now upon the accounting in determining the amounts of the legacy to Newton Brewster.

The Surrogate determines legacies to Clara Moffat, Ben, Charlie and Newton Brewster of $500 to the first three named and $1,000 to the last to be demonstrative legacies, for there is a bequest of the balance of the deposits in two banks " after all others are paid ", and the quoted words undoubtedly refer to the four preceding legacies. These four legacies are payable from the moneys on deposit in the Newburgh and Washingtonville Banks (*Matter of Smallman*, 138 Misc. 889).

With respect to the second question the Surrogate determines that it was the intent of the testatrix to appoint Newton Brewster executor, although the word " executor " is not anywhere mentioned in the instrument. It is the duty of an executor, among other things, to pay all of decedent's debts and the expenses of estate administration (*Matter of Kohler*, 231 N. Y. 353, 365). It is quite apparent that by the words " He is to pay all debts and expenses " the decedent thereby conferred authority upon Newton Brewster to be her legal representative and to liquidate her estate. The testatrix did not intend to charge the debts and expenses against the legatee's gift.

Although the will is ineptly drawn there are nevertheless reports of very similar instruments.

In *Matter of Levine* (191 Misc. 284), the will, after providing for the payment of certain legacies and debts, continued " Whatever minor debts may come up I want my uncle Ben Siegel to take care of ", and the court there held that the quoted words implied the appointment of the named person as executor.

In *Matter of Lindemann* (191 Misc. 285), the propounded instrument directed the decedent's husband to pay all her debts and funeral expenses and conferred upon him a power of. sale for the purpose of carrying out the provisions of the will. An executor was not expressly appointed, but it was held that there was a clear implication that the decedent intended the husband should act in that capacity.

Another case in Queens County is analogous to that here (*Matter of Boyle,* 191 Misc. 291). The will there did not in terms nominate an executor, but it did contain this sentence " My sister Nora or her daughter Katherine or son Thomas are to take care of my funeral." The Surrogate determined that as the duty to arrange and pay for the funeral is one of those devolving upon an executor, such direction was sufficient to constitute a valid nomination according to the tenor of the will.

The Surrogate received oral proof that the relationship between the decedent and her brother Newton Brewster were close and that the brother was the decedent's constant adviser. This situation existing at the time of the execution of the will supports the conclusion here reached.

Decree may be presented construing the will as indicated and judicially settling the account.