In the Matter of the Probate of the Will of ANDREW A. IOMMI, Deceased.

Surrogate's Court, Richmond County, May 27, 1949.

*Angelo Costantino* for Vincenza Iommi, proponent.

BOYLAN, S. In this probate proceeding the proponent has requested the court to construe the fourth paragraph of the will, so as to determine whether or not she is authorized to act as executrix. It reads as follows: '' Fourth, I leave my beloved wife, VINCENZA IOMMI, all my property, real and personal, and giving her the power of attorney.''

A person may be entitled to serve as executor even though the will does not formally name him to act in that capacity. (*Matter of Buchan,* 16 Misc. 204.) A direction in the will that the public administrator shall sell all real and personal estate is an appointment of the public administrator as the executor of the will. (*Baker* v. *Baker,* 18 App. Div. 189.) A direction to a certain person '' to invest my property '' with other expressions in a will was held sufficient to make that person executor. (*Matter of McDonnell,* 2 Bradf. 32.) Further it was held that a provision in a mutual will that the survivor should remain in full possession of all of the estate is a sufficient appointment of executor. (*Matter of McCormick,* 2 Bradf. 169.) From a reading of these cases it would seem that if it can be determined affirmatively from the words used in the will that the decedent

desires a certain person to carry out the provisions thereof then he intended that person to be the executor.

The testator could not have meant power of attorney because such power would cease with the death of the donor. He could not have meant power of sale because the person named takes the entire estate, and a power of sale is unnecessary. Unless it is held that by the words used the testator intended to have his widow act as executrix then they become meaningless and that could hardly have been the intention.

The court holds that the decedent desired his wife Vincenza Iommi to be the executrix of his will, and therefore directs that letters testamentary be issued to her.

Enter decree admitting the will to probate and in accordance herewith.