In the Matter of the Accounting of MONTGOMERY COUNTY TRUST COMPANY, as Trustee under the Will of MARY A. BARNES, Deceased.

Surrogate's Court, Montgomery County, November 26, 1949.

*Daisy S. Borst, F. Walter Bliss* and *Robert H. Ecker* for trustee.

*Salvatore J. Leombruno* for Charles F. McCarthy and another.

*James L. Doyle* and *Robert J. Sise* for Katherine McS. Phillips and others.

*Alexander Salottolo* for Rowena S. Rafferty and others.

AULISI, S. In this accounting proceeding the trustee has requested the court to construe the will of decedent who died on July 26, 1928, leaving a last will and testatment dated June 24, 1928, which was admitted to probate by this court on September 7, 1928.

After providing for specific bequests, testatrix devised and bequeathed her estate by clauses " Third " and " Fourth " of the will, which read as follows:

" Third: I give and devise to my husband, John Barnes, our home on upper Market Street in the city of Amsterdam, N. Y., and all the lands connected therewith, which my said husband heretofore deeded to me, to have and to hold for and during the term of his natural life, upon the death of my said husband, I give and devise said home and lands connected therewith to Montgomery County Trust Company of Amsterdam, N. Y., but in trust, however. Upon the death of my said husband (or prior thereto if my said husband joins in the deed) said Montgomery County Trust Company, as trustee, shall sell and convey said home and the lands connected therewith either at public or private sale, for whatever said trustee shall deem to be a good and sufficient price and on such terms as said trustee shall deem advisable and as soon after the death of my said husband as said trustee shall deem wise. The proceeds from said sale and any mortgage or mortgages which said trustee shall deem advisable to take back as part payment of the purchase price shall be added to and become a part and parcel of the trusts hereinafter set up for the benefit of my niece Marion A. McCarthy and my nephew, Charles F. McCarthy of Glens Falls, N. Y., but shall not in any event be added to the trusts created hereinafter for my brother Fred R. McCarthy and his wife. I also give and bequeath to my said husband any and all household furniture and household furnishings which I may own at the time of my death.

" Fourth: All the rest, residue and remainder of my estate, both real and personal, I give, devise and bequeath to the Montgomery County Trust Company of Amsterdam, N. Y. and to my husband, John Barnes, but in trust, however for the use and benefit of my brother, Fred R. McCarthy and his wife, Elizabeth McCarthy and the survivor of them. Said trustee shall invest and keep invested said trust estate and pay over to my said brother and his said wife the income (net) from said trust estate semi-annually and to the survivor of them. Upon the death of the survivor of my brother and his said wife whatever may remain of said trust estate shall be divided into two equal trusts, one for the benefit of my niece, Marion A. McCarthy and one for the benefit of my nephew, Charles F. McCarthy. Said trustee

shall pay over the net income semi-annually to each during the term of the natural life of each. Upon the death of each life tenant, said trust herein created for him or her shall cease and determine and whatever may remain in said trust estate shall be and become the property and estate of said deceased life tenant and shall pass on as such, either under the last will and testament of said deceased life tenant or under the intestate laws of the state.''

The will authorizes the trustee to invade the principal for the necessary care, maintenance and support of the life tenants and also empowers it to sell and convey any and all real estate.

The testatrix left an estate of about $55,000 and was survived by her husband, John Barnes; a brother, Fred R. McCarthy; her sister-in-law, Elizabeth McCarthy; a niece, Marion A. McCarthy Madden and a nephew, Charles F. McCarthy. The brother died on February 18, 1933, her husband on April 2, 1936, and Elizabeth McCarthy died on October 11, 1943. Letters of trusteeship were granted to the Montgomery County Trust Company on December 29, 1936, and on this accounting the trustee seeks a determination as to the validity, construction or effect of clauses '' Third '' and '' Fourth '' above set forth.

The briefs submitted by all the attorneys have been helpful, but as is so often the case authorities construing wills are of little value except for the general principles underlying the interpretation of wills.

The cardinal principle of testamentary construction is that the court shall ascertain the intent of the testator and give effect to that intent provided that it is not contrary to public policy or an established rule of law. (*Matter of Buechner,* 226 N. Y. 440; *Close* v. *Farmers' Loan & Trust Co.,* 195 N. Y. 92; *Hartnett* v. *Wandell,* 60 N. Y. 346; *Matter of Walsh,* 147 Misc. 281.)

It is well established now that where it is possible to cut off illegal portions which render a trust invalid the courts will do so and uphold the rest. In *Matter of Durand* (250 N. Y. 45, 53–54) Judge CRANE said: '' The dominant, underlying principle in all these cases is to carry out as far as possible within the meaning of the statute, the intention of the testator. If we can read into a will an intention to preserve any part of it, even with the illegal portions stricken out, the court will do so. In such a case we try to determine whether the maker of the will would have created the trust if all his express purposes could not be accomplished. This is not strictly law; it is a matter of good judgment, the judgment of men who according to our judicial system must in the last analysis determine the question ''.

In this case even by applying the most liberal rules of construction it is difficult to hold that the Statute against Perpetui-

ties has not been violated. The duty of the court is to interpret, not construct; to construe the will, not to make a new one.

I have, therefore, concluded that the combined trusts provided for in clauses " Third " and " Fourth " violate section 11 of the Personal Property Law and section 42 of the Real Property Law.

This court holds, however, that the trust for the benefit of Fred R. McCarthy and Elizabeth McCarthy, his wife, is a single, indivisible trust for two lives in being. As such, it does not suspend the absolute power of alienation or ownership beyond the statutory period. The objection is not to the validity of this trust, but to the two secondary trusts for the benefit of the nephew and niece. As these two secondary trusts clearly violate the statutes, it is sought to sustain them by the so-called " modern " device of splitting the primary trust into separate, independent trusts for the benefit of the brother and his wife.

There is nothing in the will indicating any such intention on the part of testatrix. The trust to the brother and his wife is treated throughout as a unit. There is no division of income, no allotment of specific share or shares of income to either, the " net " income is to be paid to them as a unit, there is no liberation whatever of the corpus of the fund or any part thereof, on the death of either, there is no release of any part of the corpus until the death of the survivor when it passes into the succeeding separate trusts. There is no suggestion of plurality in the primary trust. The corpus, subject to the power of invasion is kept intact for the benefit of the survivor. Testatrix has obviously characterized this trust for immediately following the primary trust, she, in different language, created two separate and independent trusts, one for her niece and the other for her nephew. In the primary trust she uses the word " survivor " three times in close context thereby indicating her intention that the primary trust unit should continue intact until the death of the survivor. (*Leach* v. *Godwin*, 198 N. Y. 35; *Matter of Horner*, 237 N. Y. 489; *Central Trust Co.* v. *Egleston*, 185 N. Y. 23; *Matter of Beale*, 213 App. Div. 13; *Matter of Geiger*, 73 N. Y. S. 2d 196; *Fowler* v. *Ingersoll*, 127 N. Y. 472; *Matter of Wilcox*, 194 N. Y. 288; *Simpson* v. *Trust Co. of America*, 129 App. Div. 200; *Colton* v. *Fox*, 67 N. Y. 348; *Ward* v. *Ward*, 105 N. Y. 68.)

Cases cited by the trustee are distinguishable. In all of them there are elements of separability and indications that testator so intended, none of which are present in the will under consideration. In none of them was a single, indivisible primary trust resolved into separate parts to sustain invalid ulterior trusts. The trust for the benefit of the brother and his wife is not attacked

as invalid. It is sought to alter its form and content simply to preserve two secondary clearly invalid trusts. This cannot be done. The rule which indulges a presumption against intestacy is inapplicable where testator's language clearly defines his testamentary plan. (*Matter of Maybaum,* 296 N. Y. 201.)

It follows, that the primary trust is valid and that the two secondary independent trusts are invalid. This error affects both the remainder of the primary trust and the real property mentioned in paragraph " Third " of the will. In no case is this real property or its proceeds to go into the corpus of the primary trust. The secondary trusts for the nephew and niece cannot arise and come into being until the termination of the preceding trust. When these secondary trusts arise, the remainder of the primary trust passes into the corpus of said trusts. The real property or its proceeds cannot be transferred to the corpus of the secondary trusts, until they are established as such. The will provides that the real property referred to or its proceeds be " *added* " to and " *become part and parcel* " of the corpus of the two secondary trusts. Therefore, the trusts must exist and the substance of the trust to which can be " added " the real estate or its proceeds as an accession thereto. There is no remote intimation in the will that these two secondary trusts are to be set up prior to the termination of the primary trust, or that they are to run concurrently therewith or are to anticipate the death of the survivor. Therefore, the disposition of the real estate or its proceeds must await the establishment of the ultimate trusts. Hence, the absolute power of alienation of the realty is unlawfully suspended during the life of John Barnes, the lives of Fred R. and Elizabeth McCarthy, and the further life of the nephew as to one secondary trust and the further life of the niece as to the other secondary trust. That is, the real property is taken out of the market until the termination of the two ultimate trusts. It is tied up during the life of John Barnes and the lives of the brother and his wife plus the life of the nephew as to one separate trust and the life of the niece as to the other separate trust. The power of sale does not obviate the illegal suspension (*Allen* v. *Allen,* 149 N. Y. 280; *Haynes* v. *Sherman,* 117 N. Y. 433; *Cruikshank* v. *Home for Friendless,* 113 N. Y. 337).

The two invalid secondary trusts for the nephew and the niece may be severed from the valid primary trust and that trust sustained. (*Matter of Horner,* 237 N. Y. 489, *supra; Matter of Eveland,* 284 N. Y. 64; *Matter of Lyons,* 271 N. Y. 204; *Matter of Geiger,* 73 N. Y. S. 2d 196, *supra.*)

Submit decree on notice construing the will accordingly.