In the Matter of the Accounting of RICHARD A. ZEREGA et al., as Trustees under the Will of HOWARD CONKLING, Deceased.

Surrogate's Court, New York County, January 29, 1953.

*Herbert E. Pentz* and *William H. West, Jr.,* for trustees, petitioners.

*Harry Krieger* for Olga Conkling and others, respondents.

*Arthur Karger,* special guardian for Charles Versluys, an infant, respondent.

COLLINS, S. Testator bequeathed his residuary estate in trust with directions to his trustees to " divide the same into as many equal parts as there shall be living at the time of my death, daughters of my deceased brother Alfred R. Conkling (at the time of the execution of this will there are three such daughters living) and one of said equal parts of the principal of my residuary estate they shall hold in trust for each of said children and apply the income thereof in quarterly payments to the use of said child for and during her natural life." The three trust beneficiaries named in the will survived testator and all were living at the time the trustees prepared their intermediate account that is before the court in this proceeding. One of the beneficiaries thereafter died and the trustees have supplemented their account to the date of the beneficiary's death and in their supplemental petition the trustees have requested the court to construe the will and to determine the disposition that is required to be made of the trust principal initially held for the benefit of such deceased beneficiary. The will directs that " On the death of each of said children (after my death) the principal thus held in trust for her shall be divided equally and one of said parts shall be held in trust for each of the two surviving children and the income thereof applied to her use for and during her natural life and on her death the principal of my said estate thus held in trust for her shall be paid to and distributed among her next of kin then living according to the Statutes of the State of New York."

The two surviving nieces of testator contend that the provisions of the will disposing of the residuary estate are wholly invalid in that such provisions impose an unlawful suspension of the absolute ownership of property in violation of section 11 of the Personal Property Law, and furthermore, that the text of the residuary clause is so indefinite as to be meaningless.

It can be said that the language of the will lacks the full clarity of expression that could eliminate any doubt as to testator's purpose but, on a most critical reading, the text must be acquitted of the charge that it is so abstruse as to be meaningless. It is

plain that testator intended to create three separate residuary trusts of equal amounts for the respective benefits of his three nieces who survived him. It is equally obvious that testator intended that upon the death of the first of the three nieces to die, the corpus of the fund previously held for the benefit of such deceased niece be added in equal shares to the continuing trusts for the two surviving nieces. The single issue of construction is whether testator intended that there be but a single instance of division and accretion affecting only one of the three trusts or that the process of division and accretion be repeated upon a second beneficiary's death so that the corpus of a second trust, which then would include half of the fund initially held for the beneficiary first to die, would be added to the principal of the sole continuing third trust. If testator contemplated the latter alternative, the operative effect of his direction would be to create an unlawful suspension since, in the metaphor employed by Judge FINCH in *Vanderpoel* v. *Loew* (112 N. Y. 167), a portion of the residuary estate would be twice immersed and by a third immersion ultimately drowned. Even this unfortunate result would not invalidate the entire disposition but, to some degree, would negative testator's testamentary plan and would result in a partial intestacy. (*Matter of Friend,* 283 N. Y. 200; *Matter of Reckford,* 46 N. Y. S. 2d 894.)

Considering the full text of the direction in the will, there is no room for doubt as to testator's intention. He intended that, three trusts having been set up, there be but one division of one trust fund. He planned that upon the death of one of the beneficiaries, the corpus of the trust for such person be added to the two other trusts and that each such continuing trust, as so augmented, would terminate upon the death of the income beneficiary of that trust. Testator's intention is found in his language which directs but one division and makes no provision, explicitly or implicitly, for the merging of all or any part of the two continuing trusts. The will directs that, upon the death of a beneficiary, the principal of the trust held for her be " divided equally ", a process that could be performed once only. The will requires the parts resulting from such division to be held in trust for the " two surviving " beneficiaries, a result possible of accomplishment once only. The will anticipates that the remainders of two of the three trusts will vest separately in the possession of the respective beneficiary's next of kin and not that upon the completion of his testamentary scheme there will be but a single trust embracing the entire residuary estate. A

contrary conclusion hinges entirely upon the use of the word each in the expression "upon the death of each of said children." The semanticist can be critical of testator's use of this word in its context for the obvious reason that the later clear expression of purpose makes the strict definition of the word repugnant to testator's declared intention. The construction of a will involves a search for the intention of the testator and when, as here, the intention is apparent, the effectuation of the decedent's purpose does not require that his every word be reconciled with a pronounced intent under penalty of complete frustration of testator's desires for failure to accomplish this academic task. (*Matter of Gallien,* 247 N. Y. 195.)

The court holds that testator's will provides a valid disposition of his residuary estate. The trustees are to divide the principal of the trust heretofore held for the benefit of Vivian R. H. Conkling into two equal shares and to add one of such shares to the principal of the trust for the benefit of Olga Conkling and one of such shares to the principal of the trust for the benefit of Muriel Van R. Versluys.

Submit decree on notice construing the will and settling the accounts.