Maximilian Moss, S.
On this accounting proceeding, a construction of the testator’s will and codicil is necessary in order to determine the proper distribution of the remainder of the trust created for the benefit of Margaret Lee under the codicil to the will.
Testator’s will dated December 20, 1947 and a codicil dated June 27, 1949, were duly admitted to probate in this court on April 10, 1953. Testator was survived by a brother, sister, niece, grandniece and ' grandnephews. Under paragraph “ First ” of the codicil testator created a trust with the income and principal payable to Margaret Lee in such manner as in the exercise of his discretion the trustee deemed advisable, with the further proviso that upon the death of said life beneficiary, “ the principal of such trust fund or such part thereof as may remain shall go to and with the rest, residue and remainder ’ ’ as provided in paragraph numbered “ Fourth ” of his will. Margaret Lee died on August 7, 1958, at which time there remained an unexpended amount of principal and income in the trust created for her benefit. A determination is sought as to who are entitled to the remainder of said trust.
Paragraph “ Fourth ” of the will, which is the residuary clause, provides that all the remainder of testator’s property of whatsoever kind or nature shall be held in trust, the net income payable to Bessie Goodman for life and upon her death to Janice Bing during her life and upon her death the trust shall terminate and be distributed to the children of Janice Bing then surviving. Both of said income beneficiaries survived the testator. Bessie Goodman, the primary life beneficiary, died on or about July 26, 1955, and Janice Bing, the second and current life beneficiary, is living and has two children one of whom was born subsequent to the time that testator made his will.
The corpus of the trust created under paragraph ‘ ‘ First ’ ’ of the codicil has been held in trust during the life of the beneficiary named thereunder. The proviso to merge the unexpended proportion of said trust for an additional two lives provided for under paragraph “ Fourth ” of the will is unlawful, since it suspends the absolute power of alienation of property for a period longer than two lives in being and a minority at the time *778 of testator’s death (Real Property Law, § 42; Personal Property Law, § 11; Matter of Crakow, 177 Misc. 1034; Matter of Tousley, 205 Misc. 1053).
It is evident from the discretionary powers of the trustee to invade principal of the trust created under the codicil, that testator primarily intended to provide for the financial assistance of the beneficiary named therein and that the proviso to mingle the remainder, if any, with the trust created under paragraph “ Fourth ” was of secondary importance. The trusts in the will and codicil'actually constituted two distinctly divisible trusts. The various provisions of the trusts standing alone are valid, except for the proviso to continue the remainder of the trust under the codicil in further trust. Under such circumstances the invalid may be excised from the valid portions' of the will (Matter of Smith, 4 Misc 2d 593; Matter of Schaefer, 121 N. Y. S. 2d 233; Matter of Conkling, 203 Misc. 982; Matter of Trenor, 119 N. Y. S. 2d 559; Matter of Barnes, 196 Misc. 775). The gift of the remainder of the trust created under paragraph ‘ ‘ Fourth ’ ’ of the will is a gift to a class which cannot be ascertained until the death of Janice Bing. Such a gift is contingent and cannot be accelerated (Matter of Fischer, 307 N. Y. 149).
The court holds that the principal remainder of the Margaret Lee trust, created under paragraph “ First ” of the codicil to testator’s will, must be distributed as in intestacy (Matter of Goldstein, 145 N. Y. S. 2d 823, affd. 3 A D 2d 16; Matter of Fischer, supra) among testator’s distributees, and that the undistributed income earned prior to the death of Margaret Lee shall be paid to her legal representative.
Settle decree on notice.